## SUPREME COURT.

### Nichols agt. Jones.

What is a *sham answer*? Its essential element is *falsity*. The Code having abolished the general issue the true rule is now to strike out all answers or defences (not sworn to) as *sham* under § 152; where they appear clearly to be *false*, whether they are good in point of law on their face or not.

What is a *frivolous answer* ? One which, if true, does not contain *any defence* to any part of the plaintiff's cause of action. Its insufficiency, as a defence, must be so glaring that the court can determine it, upon a bare inspection, without argument. It differs from a *sham* answer, in this: one is always *assumed to be true ;* and the other must always be *proved to be false.*

What is *irrelevant* or *redundant* matter in an answer? It is superfluous matter incorporated with an answer, otherwise good. Section 160 does not refer to a *whole* answer or defence, in authorizing irrelevant or redundant matter to be stricken out.

If an answer otherwise good, is loaded with unnecessary and redundant matters, the plaintiff should move, under § 160 to expunge them;

If doubts are entertained as to its sufficiency in law, a demurrer is the remedy;

If palpably insufficient, a motion for judgment on the ground of its frivolousness should be made;

And if the matters of defence can be shown to be clearly false, a motion to strike out as sham, will reach the evil.

*Dutchess Special Term, February* 1852. *Motion to strike out answer as sham, irrelevant and frivolous.* The complaint alleges that on the 23d June 1851, the defendant made and delivered two promissory notes for $200 each, payable in two, and four months; and that the defendant was also indebted on account; for goods sold, in the sum of $684·48; that being a balance of an indebtedness of $1084·48; for a portion of which said notes were given; and prays judgment for the sum of $1084·48, and interest.

The answer of the defendant " shows that he did make" the notes; that the plaintiffs are not the lawful holders thereof; and that there is nothing due thereon.

The defendant further says that he has no *recollection*, sufficient to form a belief, as to the specific sum to which the bills of

goods in the plaintiffs' complaint mentioned, amount; and he, therefore, can not either admit nor deny that he remains indebted to the plaintiff thereon in the sum of $684·48."

The answer is accompanied by an offer to allow judgment to be taken against the defendant for $684·48, with interest, costs and disbursements.

The suit was commenced in December 1851, and the pleadings are sworn to.

The plaintiffs now move to strike out the latter portion of the answer, or all that part which does not relate to the notes, " as a sham answer or defence, irrelevant and frivolous;" and for such order or judgment as may seem proper, &c.

DEAN & REYNOLDS, *for Plaintiffs.*

JAMES EMOTT, *for Defendant.*

BARCULO, Justice.—The threefold aspect of this motion is not a bad illustration of the confused notions entertained by many of the profession, as to the proper mode of getting rid of a bad pleading. The plaintiff's counsel insists that this answer is *sham*, or if not, that it is clearly *frivolous.; * or, at all events, the matter is *irrelevant;* and upon one of these grounds, it should be stricken out under sections 152, 160 or 247 of the Code.

I propose briefly to examine these several terms, and ascertain whether these remedies really run into each other, or stand distinct and separate.

And first, we will inquire what is a *sham* pleading? According to Webster, the word means, "false, counterfeit, pretended." Mr. Chitty says it " is the pleading a matter known by the party to be false, for the purpose of delay, or other unworthy object" (1 *Chit. Pl.* 541). The same author states that the English courts permit the plaintiff to sign judgment as for want of a plea on an affidavit that it is false. Our Supreme Court, as early as the case of Steward vs. Hotchkiss (2 *Cow.* 635), ordered a plea to be stricken out on the ground of its being false. The same was done in Brewster vs. Bostwick (6 *Cow.* 34); and from that time the practice has been uniform to strike out pleas clearly false, excepting, always, the plea of the general issue.

Nichols agt. Jones.

We thus learn that the essential element of a sham plea, is its *falsity*. For although some of the cases speak of its being also interposed as a sham plea for the purposes of vexation and delay, yet it is obvious that this is a necessary *inference* from its known falsity. A defendant must have some such "unworthy object" in view when he deliberately puts in a plea which he *knows to be false*. It seems to me, therefore, that the true rule to be adopted, under the Code which has abolished the general issue, is *to strike out all answers or defences as sham, under section 152; when they appear clearly to be false, whether they are good, in point of law, on their face or not.* This accords with the reason given by Judge Savage in Brewster vs. Bostwick, where he says: "The great object is to prevent delay and expense to the plaintiff; and consuming the time of the courts in passing upon pleas which are a mere fiction, an unseemly and expensive incumbrance upon the record, and a fraud upon the rule which allows double pleading. Whatever be their legal merit (and we admit that one of these pleas is of a very familiar and ordinary character, and unquestionably good on its face), we can not sit here to pass upon them, or any question growing out of them; nor should they be retained upon the record." In that case a plea of accord and satisfaction, in the usual form, was struck out on an affidavit of its falsity.

The only apparent difficulty in applying this rule is to determine what shall be deemed conclusive evidence of the falsity of a pleading: and I suppose that the falsity must be admitted or clearly established. This may result sometimes from the form of the pleading itself; as, where a defendant pleaded a former judgment recovered before the cause of action accrued. Or it may be so plain and palpable as to admit of indisputable proof; as where it appears by the affidavit of the plaintiff, and is not denied by affidavit on the part of the defendant. If, however, in the latter case the defendant comes forward in reply to the motion, and swears to the truth of his answer, it can not be stricken out; for the court will not determine the question upon a balance of testimony. The evidence of its falsity must be clear and *undisputed*.

This view of sham pleadings is derived from the law as it stood before the Code. That act does not give us any new definition; and hence we must presume that in speaking of such pleadings, its authors intended to embrace sham pleas as they were then known to the law.

2. A *frivolous* answer is quite a different thing. It is an answer which, if true, does not contain any defence to any part of the plaintiff's cause of action; and its insufficiency as a defence must be so glaring that the court can determine it, upon a bare inspection, without argument. It differs totally from a *sham* answer in this; that the one, is always *assumed to be true ;* and the other must always be *proved to be false :* one is always bad on its face; the other generally good; one is decided by inspection; the other, on proof aliunde. I can not concur with those who suppose that sham and frivolous pleadings are confounded under the Code. I think they occupy, as they always did, distinct grounds. The Code itself very properly makes a distinction, by confining " *sham*" to defences, and applying " frivolous" to demurrers, answers and replies (§ 247).

3. Section 160 authorizes the court to strike out *irrelevant* or *redundant* matter; and this authority is invoked by plaintiff's counsel in this case. I understand this clause, however, to refer rather to superfluous matter incorporated with a plea, otherwise good, than to a whole answer or defence. Where an entire defence to the whole, or to some part of the demand is complained of, the objection can not properly be taken by motion to strike out as irrelevant or redundant, but resort must be had to one of the two former modes of proceeding, or to a demurrer.

Upon the whole, I think, the various provisions of the Code on this subject are consistent, and cover the whole ground precisely; neither more nor less. If an answer, otherwise good, is loaded with unnecessary and redundant matters, the plaintiff's counsel should move, under section 160, to have such matters expunged. If doubts are entertained as to the sufficiency in law of the answer, and the opinion of the court is desired, it must be obtained by demurrer. If, however, any defence is palpably insufficient, a motion for judgment, on the ground of frivolousness, is the pro-

Nichols agt. Jones.

per course; and if the matters of defence can be shown to be clearly *false*, a motion to strike out as *sham*, will reach the evil. These four modes cover all defects in an answer.

Judges will probably differ as to the propriety of entertaining a motion to strike out an answer as sham, when the pleadings have been sworn to. My impression would be in favor of such a practice. It can not be disguised that the ordinary affidavit verifying a pleading is regarded too much as a matter of form, both by clients and attorneys. It is not at all uncommon, at the circuit, to find the evidence on the trial absolutely inconsistent with the truth of some of the sworn pleadings; while the entire failure to offer any proof to sustain them, affords some ground for suspecting that they were known to be false when sworn to. It would seem, therefore, that a plaintiff ought to be permitted upon due proof of the falsity of an answer, to move to strike it out, although sworn to, in order that the defendant may meet it directly and distinctly, after his attention has been called to the subject. For no reason can be given for retaining a false answer, while many can be given for striking it out. It prejudices the parties, as well as the court and other suitors, and no harm can result from giving every reasonable facility for getting rid of it. Such seems also to have been the opinion of Justice Edmonds in Mier vs. Cartlidge (4 *How.* 115). It may not be improper to add, by way of illustrating the careless manner of verifying pleadings, that in this case there is a direct contradiction, in a matter which would seem to be within the knowledge of both of the deponents. One of the plaintiffs swears to the complaint, which alleges positively the making of two notes by the defendant; setting forth copies. The defendant in his sworn answer expressly denies the making of said notes, or either of them. How these two verifications are to be reconciled without an extraordinary degree of charity or credulity, I am unable to conceive.

That portion of the answer which the plaintiff moves to strike out here is not a *sham* defence, for the reason that it is not shown to be untrue. Nor can it be struck out as redundant matter; for it is, if any thing, an entire defence to one branch of the plaintiff's case. But it is *frivolous*, because it does not set forth any thing which amounts to a denial or a plausible defence. The

Nichols agt. Jones.

mere fact that the defendant has no *recollection as to the specific sum to which the bills of goods amounted to*, is not such a denial as is authorized by the Code, or any other system of pleading. By § 149, the defendant is required to deny specifically "each material allegation of the complaint controverted by the defendant, according to his knowledge, information or belief; or of any knowledge or information thereof sufficient to form a belief." A want of recollection of the precise amount of a bill, may exist, when the means of full information and knowledge are in the power of the defendant. He may, with a memorandum in his pocket, or with his closed books of account lying before him, truly swear that he does not recollect the precise amount of a bill, when he could not swear that he had no knowledge or information. I am entirely satisfied that the answer is a mere evasion of the provisions of the Code, and that the defendant has no real defence to this part of the plaintiffs' demand. This conviction is confirmed by his subsequent offer to permit judgment to be taken against him for the exact sum claimed in this count of the complaint.

The plaintiffs are therefore entitled to judgment upon this part of the complaint, on the ground of the frivolousness of the answer.

NOTE.—Since writing the above, my attention has been called to the case of Mier vs. Cartledge, (8 *Barb*. 75), in which the general term reversed the decision at special term, and determined that a motion can not be entertained to strike out an answer *verified* according to the Code Although contrary to my previous convictions, I cheerfully concur in the conclusions of that case.