## SUPREME COURT.

### JOHN KELLY agt. MILFORD BARNETT and others.

*Vagueness* in pleading, it is well settled, is not *frivolousness*, it is to be corrected by *amendment*, and not visited by *judgment*.

On an application for judgment on the ground that the answer is sham or frivolous, it is enough that a good defence is "shadowed forth." If it can be seen that the defence set up, if true, is good, it is sufficient to prevent a summary judgment. It is only necessary that the defence should not be clearly bad.

In this case, the defendants set up a want of consideration in the note given on the purchase of wines, so called; alleging that the wines purchased, called "Port," "Pale Sherry," "Burgundy," "Muscat," and "Madeira," turned out to be mere sham fabrications.

*Held*, that it was due to the public health that a full trial should be had. If it was true, (as alleged in the answer,) that manufactories existed in the city of New-York, for the getting up of "unwholesome and spurious mixtures," to be palmed off upon the unsuspecting as wines of "the pure juice of the grape," under the captivating names above mentioned, the courts, instead of suppressing, should assist in their investigation and exposure.

*New - York Special Term, November*, 1857.

MOTION for judgment on account of frivolousness of the answer

——————— *for plaintiff.*
——————— *for defendants.*

Kelly agt. Barnett and others.

ROOSEVELT, Justice. The defendants object to paying the note on which this suit is brought, on the ground that it was given on the purchase of certain alleged wines called " Port," " Pale Sherry," " Burgundy," " Muscat," and " Madeira," which turned out to be mere sham fabrications. Considering this answer as a mere sham defence, the plaintiffs on that ground, or rather as they express it, on the ground of its " frivolousness," apply for a summary judgment without further trial.

The question then presents itself—and it is the only one now to be determined—is such a defence, admitting it to be true, to be treated as a trifling with judicial proceedings?

Wines, say the defendants, of the denominations mentioned, are the product of grapes of peculiar character and excellence, grown and manufactured in different parts of Europe, " and owe all their value to their purity, to the skill exercised in their production and fermentation, and to the characteristic excellences impressed on each by the peculiarities of the climate and soil of the countries where they are produced ;" whereas, the fluids set forth in the bills rendered by the plaintiff Kelly, and described by the technical names of Port, Sherry, Madeira, Muscat and Burgundy, " were not wines at all, but mere mixtures of the most noxious and deleterious character, concocted in the city of New-York, by the plaintiff, with intent to deceive and defraud," and that " said mixtures contained no particle whatever of the juice of the grape in their composition, and were poisonous and of no value." The defendants, therefore, insist not only that the note was without consideration, but that they have a counter claim of $3,000 against the plaintiff for the damages sustained by them from his "worthless and unmerchantable mixtures, and in consequence of his wilful misrepresentations and fraudulent acts."

Admitting this answer to be true—as the plaintiff on the present application must—can any one say, " that its insufficiency as a defence is so glaring that the court can determine it upon a bare inspection without argument ?" (6 How. Pr. Rep. 358.)

The Code allows such motions to be made on a notice of only five days, and " to a judge either in or out of court." It indicates, therefore, in the strongest manner, the cases to which they should be confined. A mode of giving judgment, so stringent and summary, was never intended for a case like the present. The answer may perhaps be defective in precision, it omits to aver with absolute directness that the defendants purchased the " fluids " in question, in the belief that they were the " genuine article," or that they paid for them the " genuine price." But vagueness in pleading, it is well settled, is not frivolousness ; it is to be corrected by amendment, and not visited by judgment. It is enough on this application that a good defence is " shadowed forth." The one set up by Messrs. Barnett & Co., if true, is good ; it is only necessary that it should not be clearly bad. It is due also to the public health that a full trial should be had. If it be true that manufactories exisit in this city for the getting up of " unwholesome and spurious mixtures," to be palmed off upon the unsuspecting as " the pure juice of the grape," under the captivating names of Burgundy, Madeira, Sherry, Port and Muscat, the courts instead of suppressing, should assist in their investigation and exposure.

Motion denied, with costs.