[No. 2,629.]

ALEXANDER McABEE *v.* CHARLES W. RANDALL.

APPEAL FROM JUDGMENT.—On an appeal from a judgment, without a statement or bill of exceptions, the Court will review the judgment roll only.

REVIEW OF ORDER.—An order made by the Court below, denying a motion for judgment on the pleadings, will not be reviewed by the Supreme Court, unless presented by a statement or bill of exceptions.

AN ATTORNEY MUST STAND BY HIS DEFINITION OF HIS PLEADINGS.—If the defendant calls his answer a counter claim, and goes to trial in the Court below on that theory, he will not be permitted for the first time, in the Supreme Court, to call it a cross complaint, to obtain a review of an order denying his motion for judgment on the pleadings.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

When the cause was called for trial in the Court below, the defendant's attorney moved for judgment on the pleadings. The Court denied the motion; the cause was then tried, and the plaintiff recovered judgment. The defendant appealed.

The other facts are stated in the opinion.

*John L. Love,* for Appellant.

It is true this defense was, in the hurry of the pleader, called a counter claim. We assert that under our system a pleading is not what an attorney may happen to call it, but

what it really is as shown by the facts alleged in the plead-
ing.   The calling it by another name is mere surplusage.

*Botts & Wise*, for Respondent.

By the Court, Wallace, J.:

The appeal here is taken from the final judgment only.
There being no statement on appeal, nor bill of exceptions,
the record before us for review is limited to such papers as
are declared by section two hundred and three to constitute
the "judgment roll."   It would seem from the minutes of
the trial, which are found in the transcript, and from the
argument of counsel, that the real purpose of the appeal
from the judgment here taken is to review an order said to
have been made by the Court below after the coming on of
the cause for trial, by which order a motion of the defend-
ant for judgment in her favor on the pleadings was denied.

If it properly appeared that such an order was really
made, it would undoubtedly be examinable here by means of
an appeal from the final judgment itself; in fact, it could be
reviewed in no other way.   The order which we are asked
to review is not one disposing of a demurrer, nor relating
to a change of parties, and, therefore, cannot be considered
here, unless presented by bill of exceptions, or statement on
appeal.

So far as the record discloses to us, then, it appears that
the parties went to trial in the Court below without objec-
tion made upon the part of either to the pleadings of the
other, as not permitting that other to be heard on the merits.
The defendant's answer was there styled by himself a "coun-
ter claim," and not a "cross complaint," which he now says
it is; and the trial proceeded on that idea.

Under repeated rulings in this Court, we will not hear the

defendant assert here, for the first time, that he made a mistake in this respect—that his answer was, after all, 'a "cross complaint;" that its allegations were not denied by plaintiff, and that, as a consequence, he is now entitled to judgment, over against the plaintiff on the pleadings.

· Judgment affirmed. ·

Mr. Justice SPRAGUE did not express an opinion.