[No. 6,102.]

## HASKELL v. HASKELL.

DIVORCE—EXTREME CRUELTY.—Adultery or habitual intemperance do not, in a legal sense, constitute extreme cruelty; but the latter is something different from any other cause of divorce, and constitutes a separate and distinct cause of action.

PLEADING—SEVERAL CAUSES OF ACTION.—Where the complaint sets up more than one cause of action, each count must contain all the facts necessary to constitute a cause of action; and its defects cannot be supplied from statements in other counts, unless expressly referred to in it; and not then, if the matters referred to constitute the *gravamen* of the action.

APPEAL from a judgment for the plaintiff, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The facts are stated in the opinion.

*J. E. McElrath,* for Appellant.

The second count must stand alone, and any deficiency in its allegations cannot be helped out by reference to other parts of the pleadings. (Code Civ. Proc. § 427; *Buckingham* v. *Waters,* 14 Cal. 146; *Boles* v. *Cohen,* 15 Id. 150; *McCarty* v. *Fremont,* 23 Id. 196; *White* v. *Cox,* 46 Id. 169; *Landaw* v. *Levy,* 1 Abb. Pr. 376; Stephen on Pl. cxviii, 9th Am. ed.; Bliss on Code Pl. § 121; *Badger* v. *Benedict,* 1 Hilt. 114; *Clark* v. *Farley,* 3 Duer, 645; *Nelson* v. *Swan,* 13 Johns. 483; *Boyce* v. *Brown,* 7 Barb. 80; *Simmons* v. *Fairchild,* 42 Barb. 404; *Flynn* v. *Bailey,* 50 Id. 73; *Forsyth* v. *Edminston,* 11 How.

Pr. 408; *Adams* v. *Holley*, 12 Id. 326; *Dorman* v. *Kellam*, 14 Id. 184; *Lattin* v. *McCarty*, 17 Id. 239; 1 Chitty on Pl. § 413, 14th Am. ed.)

*A. M. Crane*, for Respondent.

Department No. 2, SHARPSTEIN, J.:

The plaintiff, for a first cause of action, alleges that the defendant, for more than ten years next preceding the commencement of this action, was guilty of extreme cruelty toward her; and then proceeds to detail at great length a series of acts, which, if proved, would support a finding of adultery. Immediately following this narrative, in the same count, is an allegation " in further support of said charge of extreme cruelty," as the pleader styles it, " that for more than ten years past, and until now, defendant has been addicted to the use of intoxicating drinks," which caused him to be " querulous and disagreeable—often using toward plaintiff offensive language in the presence of the children ; that his breath became nauseous and offensive ; so that for these reasons, and by reason of his intimacy " with the woman who is alleged to have been his paramour, the plaintiff with the defendant's consent ceased to lodge with him in 1871. It is further alleged in this connection, that during said ten years the defendant often appeared before the plaintiff and her children " in a state of intoxication, and many times when he was very drunk, so much so as to hardly know what he was about;" and that this occasioned the plaintiff great mental suffering." These alone are the facts alleged in support of the charge of extreme cruelty.

That adultery or habitual intemperance would in a popular sense constitute extreme cruelty, we do not question. And so would willful desertion or willful neglect. But, in a legal sense, extreme cruelty is something different from any of the other causes of divorce, and constitutes a separate and distinct cause of action. Otherwise, it would be unnecessary to specify any other cause than extreme cruelty as a ground of divorce in any case. This count seems to be framed on the theory that allegations of adulterous conduct which falls short of actual adul-

tery, coupled with allegations of excessive drinking which does not amount to habitual intemperance, constitute a good cause of action for extreme cruelty. That theory is not supported by any authority, and we are not inclined to lend it our countenance.

On the trial, the plaintiff, by leave of the Court, withdrew the charges of intimacy or association of the defendant with the woman named in the first count of the complaint; and it was suggested on the argument by respondent's counsel in this Court, that the remaining allegations of that count constitute a cause of action for divorce on the ground of habitual intemperance. But the complaint was not drawn with that view. The allegations of the same count, as to intemperance, are avowedly and expressly introduced " in further support of said charge of extreme cruelty," which is alleged to have occasioned the plaintiff " great mental suffering," and not such as " would reasonably inflict a course of great mental anguish " upon her, which is a further indication that the pleader had " extreme cruelty " and not " habitual intemperance " in view. The allegations of this count are denied in the answer, and the Court did not find that the defendant had been guilty of extreme cruelty.

If the count states a cause of action for extreme cruelty, there should have been a finding upon the issue raised by the answer to it. If the cause of action stated in it is not extreme cruelty, then the count is obnoxious to the objection which this Court sustained to a pleading in *McAbee* v. *Randall*, 41 Cal. 136. Treating it, then, as the pleader intended it should be understood, as stating facts to constitute a cause of action for extreme cruelty, the judgment, in the absence of a finding of extreme cruelty, cannot be sustained upon that count.

But the pleader undertook to state another and distinct cause of action, and commences his count upon it as follows: " And for further and separate cause of complaint, plaintiff states that for more than two years next preceding the commencement of this action, defendant has been, and still is, guilty of and addicted to intemperance," etc. In this count there is no allegation of marriage, or that the plaintiff has resided in the State for the period of six months next preceding the commencement

of the action, nor is there any reference in it to the allegations in the first count as to such marriage or residence. If this were the only count in the complaint, the objection that it does not state facts sufficient to constitute a cause of action would undoubtedly be fatal to the judgment. And in Chitty's Pl., 16th Am. ed. 429, it is said : " But unless the second count expressly refers to the first, no defect therein will be aided by the preceding count; for, though both counts are in the same declaration, yet they are for all purposes as distinct as if they were in separate declarations, and consequently, they must independently contain all necessary allegations, or the latter count must expressly refer to the former." In *Barlow* v. *Burns*, 40 Cal. 351, this rule is recognized and approved. And in other States, whose Codes contain the precise provision found in our own, that each cause of action "must be separately stated," it has been held, so far as we have observed, that each count must contain all the facts necessary to constitute a cause of action ; and that its defects cannot be supplied from statements outside of it, unless expressly referred to in it; and not then, if the matters omitted relate to the *gravamen* of the action. Treating the allegations in the first count, as to marriage and residence, as mere matters of inducement, they should have been repeated or referred to in the subsequent count, and the omission to either repeat or refer to them is fatal ; because without those allegations the complaint fails to state facts sufficient to constitute a cause of action.

We are unable to discover any other error in the record. For those above pointed out, the judgment must be reversed.

Judgment reversed, and cause remanded to the Superior Court for a new trial, with directions to that Court to permit the plaintiff to amend her complaint if she shall be so advised.

THORNTON, P. J., and MYRICK, J., concurred.