|  |  |
|---|---|
| 55 | 337 |
| 92 | 563 |

| 55 | 337 |
|---|---|
| 113 | 171 |

| 55 | 337 |
|---|---|
| 128 | 328 |

[No. 6,466.—Department No. 2.]

## HEMME *v.* HAYS.

PRACTICE—JUDGMENT ON THE PLEADINGS—FRIVOLOUS ANSWER—DEFINITION.— A frivolous answer is one which denies no material averment in the complaint, and sets up no defense; and when such an answer is filed, the plaintiff may apply for judgment on the pleadings.

ID.—APPEAL—JUDGMENT ROLL—BILL OF EXCEPTIONS.—Upon an appeal from the judgment, where there is no bill of exceptions, the ruling of the Court below on a motion for judgment on the pleadings cannot be reviewed on appeal.

APPEAL from a judgment for the plaintiff, in the Twenty-first District Court, County of Modoc. CLOUGH, J.

The judgment recites: " Counsel for plaintiff filed a written motion for judgment on the pleadings, which motion is made

on the ground that the facts stated in the answer do not con-
stitute any legal defense to the action. The Court being fully
advised, orders that the said motion of plaintiff be sustained,
and thereupon it is ordered and adjudged," etc.

The other facts are stated in the opinion.

*J. C. Bowmer*, and *G. F. Harris*, for Appellant.

*R. R. Provines*, for Respondent.

SHARPSTEIN, J.:

This is an action upon a promissory note, made and delivered
by the defendant to the plaintiff. The defendant in his answer
denies the due execution of the note, or that it was executed for
a valuable consideration for reasons thereinafter set forth. And
he alleges that on and after the year 1870, and up to about the
1st of November, 1875, he was engaged in the business of buy-
ing and selling goods, at the town of Yuba City, in this State,
and that during the last two years of that period he had in his
employ, as clerk and business manager, one William Hemme,
who, during said time, was also the agent of the plaintiff, and
that he acted in all business transactions between the plaintiff
and defendant, and that said William Hemme was so acting at
the date of the execution of said note, and that said William
Hemme, by fraudulently representing to the defendant that
there was a balance due to plaintiff from defendant, upon an
account between them, induced the defendant to sign said note,
and that defendant signed said note under protest and without
any consideration whatever. Defendant further alleges that
said plaintiff, while acting as defendant's agent, received vari-
ous sums of money from defendant to disburse for him, which
said plaintiff failed to use as he was directed by defend-
ant to do, said sums in the aggregate amounting to about
$7,702.77.

Defendant also alleges that there has never been any final
settlement of account between him and plaintiff, and " that at
the date of the execution of said notes, the books of account ex-
isting between plaintiff and defendant, as kept by said plaintiff,
show a balance in favor of said defendant and against plaintiff

of one hundred and nineteen and thirty one-hundredths dollars, which amount, taken together with the sum of seven thousand seven hundred and two dollars and seventy-seven cents, moneys not accounted for, as above set forth, make a balance in favor of this defendant and against said plaintiff of seven thousand eight hundred and twenty-two and eight one-hundredths dollars," for which amount he demanded judgment against the plaintiff.

The plaintiff moved for judgment for the sum prayed for in his complaint, which motion was granted, and judgment was entered accordingly. From that judgment the defendant has appealed.

The defendant denies the due execution of the note, and that it was executed for a valuable consideration, for certain reasons which he sets forth in his answer. Those reasons do not show that the note was not duly executed, and for a valuable consideration. Hence there is no denial of the due execution of the note, or that it was executed for a valuable consideration. The attempt to set up a counter-claim, if in fact any such attempt is made, cannot be regarded as even a partial success.

A frivolous answer is defined to be one which denies no material averment in the complaint, and sets up no defense. (*Nicholas* v. *Jones*, 6 How. Pr. 355 ; *Hull* v. *Smith*, 8 id. 140 ; S. C. 1 Duer, 649 ; *Brown* v. *Jenison*, 3 Sand. 732 ; *Livingston* v. *Hammer*, 7 Bosw. 674.)

Where an "answer presents nothing, either by way of denial or new matter, to bar or defeat an action," the plaintiff may apply for judgment upon the pleadings. (*Felch* v. *Beaudry*, 40 Cal. 439 ; *Corwin* v. *Patch*, 4 id. 204 ; *Gay* v. *Winter*, 34 id. 153 ; *Fitzgibbon* v. *Calvert*, 39 id. 261.)

Judgment affirmed.

MYRICK, J., concurred.

THORNTON, J., concurring in the judgment:

I concur in the judgment, for the reason that the appeal is taken from the judgment, and there is no bill of exceptions bringing before us the ruling of the Court below on the motion for judgment on the pleadings. This motion and the ruling there-

on is not made a part of the judgment roll by a bill of exceptions. Without such a bill it constitutes no part of the judgment roll, and, in my opinion, the ruling on the motion cannot be considered on this appeal, which is stated in the notice of appeal to be taken from the judgment roll.