[No. 8,664.—Department One.]
December 15, 1882.

## A. MONTGOMERY *v.* N. S. MERRILL et al.

Effect of Order in Insolvency Staying Proceedings.—After execution of the mortgage in suit, and prior to the commencement of the action, the mortgagor was adjudged insolvent, and a stay of proceedings ordered. No judgment herein was asked for any deficiency after sale of the mortgaged property, but the same was waived.

*Held:* The order in the matter of the insolvency staying proceedings did not prevent plaintiff from foreclosing his mortgage lien.

ID.—PRESUMPTION.—The plaintiff in his complaint averred that the "·action was brought by leave of the Court first had and obtained."

*Held:* If the order staying proceedings could be construed as having any effect upon the plaintiff's right to foreclose his lien, the presumption is that the Court which made the order had, in the exercise of its power, modified it so as to permit the plaintiff to bring the action.

ID.—HOMESTEAD—JUDGMENT ON PLEADINGS—ANSWER.—The answer of the defendants admitted the allegations of the complaint, but affirmative matter as to the insolvency of the mortgagor, and as to a declaration of homestead was set up to defeat the plaintiff's action. As to the homestead, it was alleged that on the — day of —, A. D., 18—, the defendant, as head of a family, had acquired a homestead interest in the mortgaged premises, by making, acknowledging, and recording, according to law, " on that day," a declaration of homestead upon the premises.

*Held:* The answer did not show any existing claim which had attached prior to the mortgage lien. Taken in connection with the admission in the defendants' answer of the allegation in the complaint that the claim asserted by the defendants was subsequent and subject to the mortgage, the answer must be regarded as frivolous, and containing no defense to the action. It was therefore proper for the Court to grant the motion for judgment on the pleadings.

PRESUMPTION—ATTORNEY'S FEE IN FORECLOSURE.—The Court also gave judgment for the sum of $188.65, "attorney's fee provided in the mortgage." The appellant contends that the Court should have fixed the fee.

*Held:* As there is in the record no bill of exceptions or statement showing the contrary, it must be presumed that the Court proceeded regularly in fixing the amount of the attorney's fee, and that the judgment is in all respects correct.

APPEAL by defendants from the judgment of the Superior Court of the County of Colusa. BLANCHARD, J.

Action of foreclosure of mortgage. The facts are stated in the opinion of the Court.

*John T. Harrington,* for Appellants.

It is not claimed that the denials, as such, in the answer, afford a defense to the motion for judgment on the pleadings. But it is contended that if any of the matters alleged were such as would defeat or delay the plaintiff's action, then such motion should not have been granted, and the judgment is accordingly erroneous. "The ground upon which a motion made by plaintiff for judgment on the pleadings proceeds in any case is that his complaint is sufficient to warrant it, and that the answer presents nothing, either by way of denial or

of new matter, to bar or defeat the action." (*Felch* v. *Beaudry*, 40 Cal. 439.) The answer sets up the insolvency proceedings of the defendant N. S. Merrill, and shows that an order was made by the Court therein, staying all proceedings against the defendant, which order had not been vacated, modified, or changed in any manner whatever, at the time of the commencement of this action, and that the insolvency proceedings were still pending. By Section 6 of the Insolvent Act of 1880, C. C. P. 647, it is made the duty of the Court, upon receiving and filing the petition, schedule, and inventory, to declare the petitioner therein insolvent, etc., and the section further provides that, "upon granting said order, all proceedings against the said insolvent shall be stayed."

But, it is claimed that by Sections 44 and 45 of said Act, creditors of the insolvent debtor, whose claims are secured by mortgage or other liens, are excepted from the operation of the order staying proceedings. It will be seen, however, by an inspection of the several provisions of the Insolvent Act, that there is no distinction made in the class or character of debts, which may be proved in insolvency.

Section 37 provides: "All debts due and payable from the debtor at the time of the adjudication of insolvency, and all debts then existing but not payable until a future time, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the debtor." And Section 44, together with subdivision 6 of Section 21, confers the power upon and provides the means for the assignee to discharge the property of the insolvent debtor from mortgage or other liens. The assignee takes and is entitled to all the property of the insolvent debtor, except such as may be exempt from execution. (Section 17, Insolvent Act.) It was not, of course, the purpose or design of the insolvent law to deprive any holder of his lien against the insolvent debtor. But, in giving to the assignee power to redeem all valid mortgages or other liens, or to sell the property subject to them, was to postpone the right of action in the holders of such liens, pending the insolvency proceedings. And this is made apparent from the provisions of Section 45, as follows:   *   *   *   "And no creditor whose debt is provable under this Act shall be allowed, after the commencement

of proceedings in insolvency, to prosecute to final judgment any action therefor against the debtor until the question of the debtor's discharge shall have been determined. * * * Provided, there be no unreasonable delay on the part of the debtor, * * * in prosecuting the case to its conclusion; and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the Court, in insolvency may proceed to judgment, for the purpose of ascertaining the amount due," etc.

With one exception, not material to this controversy, there are but two conditions given by the statute upon which any action can be prosecuted to judgment by a creditor, after the commencement of insolvency proceedings. These conditions should appear affirmatively. But when, as in this case, the contrary actually appears, there was no authority of law for the prosecution of the action to final judgment, or even for the commencement of it.

The averments in the answer, respecting the claim of the defendants to the premises, by virtue of the declaration of homestead made and filed thereon, constituted a defense to the action, which the motion for judgment on the pleadings confessed.

Such motion confesses the facts as stated, and is equivalent to a general demurrer to the answer. (*Taylor* v. *Palmer*, 31 Cal. 257.)

The particular time when the homestead interest attached to the premises does not appear from the answer. But, when tested by general demurrer, it would be held sufficient to entitle defendants to offer proof of the averment.

The homestead interest is necessarily disposed of, by a decree to which both husband and wife are parties. And they would be estopped from asserting such interest in any subsequent action. Hence it is a proper matter of defense in the foreclosure suit.

If there should be any question of the sufficiency of the foregoing objections to the judgment in this case, that which affects the granting of attorney's fee, by judgment on the pleadings, must be considered as fatal to it. The prayer of the complaint in this respect is, that plaintiff have "judgment against the defendant N. S. Merrill for counsel fees, upon the

amount found due for principal, and interest at the rate of five per cent." This is the stipulated rate in the mortgage, as averred in the complaint. The judgment is according to the prayer of the complaint, and it adjudges that there is due plaintiff "the sum of one hundred and eighty-eight dollars and sixty-five cents attorney's fee, provided in said mortgage." By statute it is provided that, "in all cases of foreclosure of mortgage, the attorney's fee shall be fixed by the Court in which the proceedings in foreclosure are had, any stipulation in said mortgage to the contrary notwithstanding." (Stats. 1873-4, p. 707.) It is the duty of the Court in such cases to fix the amount of the attorney's fees. (*Stockton Savings and Loan Society* v. *Donnelly*, 9 P. C. L. J. 487.)

Now, it will not be contended that, in granting a motion for judgment on the pleadings, the Court fixes the attorney's fee; or that there is, in such case, any means afforded the Court to fix it.

*H. M. Albery*, for Respondent.

The proceedings in insolvency of the defendant N. S. Merrill, as shown in the answer, constitute no defense or bar to this action.

1. Because the plaintiff has not presented or proved his "debt or claim" (§ 45, Insolvency Laws) against the estate of the insolvent debtor.

2. Because this is not an action to recover judgment upon a debt or claim, "proved" or "provable" against the estate of the insolvent debtor. (§ 44, Insolvency Laws.)

3. Because this is an action to foreclose a mortgage—to have the mortgaged property applied to the mortgage debt.

4. Because no personal judgment over was asked or granted in the action.

5. Because the plaintiff asked and obtained leave of the Court to commence this action.

6. Because the Court had jurisdiction and control of the insolvency proceedings, as well as the foreclosure proceedings.

The defendants could have no independent or other interest in the land, by virtue of a declaration of homestead, or otherwise, arising after the execution of the mortgage, that

could not be foreclosed and determined in this action. (C. C. P., § 726; C. C., § 1241, subd. 4.)

It is alleged in the complaint that the defendant Nancy Merrill, wife of N. S. Merrill, has or claims to have some interest in or claim upon said premises or some part thereof, which interest or claim is subsequent to and subject to the lien of the plaintiff's mortgage. This allegation not being denied, is sufficient to bind any interest that the defendant Nancy Merrill may have had in the land which arose after the execution of the mortgage; and as to the defendant N. S. Merrill, of course his interest in the land, whatever it may have been, was subject to the lien of the mortgage. No valid homestead claim is set out in the answer. It is alleged that in the year of our Lord *eighteen,* defendant was the head of a family, and at said time resided with his family on the land described in the complaint; and that at said time he made and acknowledged his certain declaration of homestead, etc. This declaration of homestead is too ancient to be good; it contains recitals which are against the knowledge of the Court. New matter, in order to constitute a bar or defense to any action, must not only be well pleaded, but must disclose some existing claim or right in the party pleading it as well.

It is admitted by counsel for appellants that the precise time at which the homestead right attached is not disclosed in the answer, but it is claimed that the Court will presume that the homestead attached prior to plaintiff's mortgage, etc. To so hold would be to overrule the well-settled doctrine that no presumptions can be indulged as against a final judgment.

It is alleged in the complaint, and the Court found, that there is due plaintiff upon the note and mortgage set out in the complaint, in addition to the amount due for principal and interest, the sum of $188.65, for attorneys' fees, etc. This is sufficient. (See *The Stockton Savings and Loan Society* v. *Donnelly,* 9 P. C. L. J. 487.)

There being no bill of exceptions before this Court, the ruling of the lower Court granting plaintiff's motion for a judgment upon the pleadings can not be reviewed upon this appeal. (*Hemme* v. *Hays,* 55 Cal. 337, which see, as being very similar to the case at bar.)

All presumptions are in favor of the validity and regularity of the judgment. If necessary to support the judgment this Court will presume that the lower Court heard testimony, fixed the attorney's fees, and did everything necessary in order to a valid judgment. For aught that appears in the record, the lower Court attended to all of these matters.

McKEE, J.:

This appeal is taken on the judgment roll, from a final judgment entered on the pleadings in the case. The judgment was entered in an action commenced December 8, 1881, to foreclose a mortgage given to secure payment of a promissory note and a counsel fee, at the rate of five per cent. upon the principal and interest due upon the note in case of foreclosure. In the complaint it was alleged that the wife of the mortgagor, who was named in the complaint as a party defendant, had or claimed to have some interest in or lien upon the mortgage premises, which she claimed to have acquired subsequent and subject to the mortgage lien; and that, since the execution of the mortgage the mortgagor had become insolvent, and, therefore, against him, no judgment was asked for any deficiency after a sale of the mortgage premises. By the answer of the defendants all the allegations of the complaint were admitted; but it was affirmatively averred that the mortgagor had been adjudicated insolvent on October 29, 1881, and that all proceedings against him, as an insolvent debtor, had been stayed. Also, "that on the ——— day of ———, A. D., 18—," the defendant, as head of a family, had acquired a homestead interest in the mortgaged premises, by making, acknowledging, and filing, according to law, " on that day," a declaration of homestead upon the premises.

Upon these pleadings the Court, on motion, gave judgment in favor of the plaintiff, according to the prayer of his complaint, for the amount of the principal and interest of the mortgage debt, and $188.65, " attorney's fee provided in the mortgage," and costs; and to this no exception was taken by the defendants. But it is contended that the judgment is erroneous, because the answer contained matter which operated as a bar to the maintenance of the action.

The adjudication of the defendant's insolvency did not con-

stitute a defense to the action, nor did the existence of a stay of all proceedings against the insolvent debtor have that effect. The action was not brought against the insolvent to recover a money judgment upon the debt; it was brought to obtain a decree of foreclosure and sale of the mortgaged premises for the satisfaction of the debt. As a creditor of the insolvent debtor, having a mortgage lien, the plaintiff had the right, when the mortgagor was adjudged insolvent, to look to the mortgage alone, or to prove the mortgage debt against the estate of the insolvent, pursuant to the provisions of Section 44 of the Insolvent Act. (Stats. 1880, p. 92.) According to those provisions, a mortgage creditor of an insolvent debtor is not permitted to prove his debt in whole, unless he releases or transfers his mortgage to the assignee in insolvency; nor in part, unless he agrees with the assignee upon the value of the mortgaged premises, and the value should be less than the mortgage debt; or unless he agrees that a sale of the mortgaged premises may be made, under an order of the Court, "in such manner as the Court may direct;" in such cases he will be admitted to prove any deficiency. Or, if he releases or transfers his mortgage to the assignee, he will be admitted to prove the entire debt and share in the administration of the assets. But unless the value of the mortgaged premises shall be ascertained by agreement, or the property itself shall be sold under the directions of the Court, or the mortgage shall have been released or transferred to the assignee in insolvency, it is not permissible for the mortgage creditor to prove his debt in whole or in part, nor to maintain any action against the insolvent debtor for the collection of his debt. Such an action would be against the policy of the insolvent law and in violation of the order of the Court, which stayed all proceedings against the insolvent debtor. Yet as the assignee in insolvency takes only such interest and rights as the insolvent debtor had in the mortgaged premises, subject to the mortgage, the insolvency proceedings do not affect the right of the mortgagee to foreclose his lien; and in this case the mortgagee relied wholly on his mortgage lien. By his complaint he waived personal judgment for any deficiency which might be remaining after execution of a foreclosure and sale; he, therefore, had no debt or claim proved or prov-

able against the estate of the insolvent debtor, and as his action was not to enforce the collection of his debt out of the assets of the estate, it could not interfere with the insolvency proceedings, and the order staying all proceedings against the estate did not operate to prevent the plaintiff from maintaining the action.

But if the order could be construed as having any effect whatever upon the right of the plaintiff to sue for foreclosure, the Court that made the order had jurisdiction to modify or set it aside in favor of a mortgage creditor, so as to permit him to proceed by action on the equity side of the Court to foreclose; and the presumption is, that the " stay" was so modified or set aside as to the plaintiff, because the complaint avers, and it is not denied, " that the action was brought by leave of the Court first had and obtained." The stay of proceedings, therefore, in no way affected the right of the plaintiff to maintain his action, nor did it operate to postpone the action pending the insolvency proceedings.

Nor did the answer otherwise disclose any defense to the action, or contain any matter which would defeat or delay the action. The new matter, by which the defendants attempted to assert a homestead claim or interest in the mortgaged premises, was not well pleaded; it did not, affirmatively or otherwise, show any existing claim which had attached prior to the mortgage lien. Taken in connection with the admission by the defendants of the allegations in the complaint, that the " claim" asserted by the defendants was subsequent and subject to the mortgage, the answer itself must be regarded as frivolous—it admitted every averment in the complaint, and contained no defense; and the case was one in which it was proper for the Court to order judgment for the plaintiff upon the pleadings. (*Hemme* v. *Hays*, 55 Cal. 337.)

And in adjudging that the plaintiff was entitled to the sum awarded for an attorney's fee, as provided in the mortgage, there appears no error. It was the duty of the Court to fix the amount of the attorney's fee. (Stats. 1873–4, p. 707.) Presumably the Court discharged that duty. The judgment rendered recites that there was due the amount stated, for principal and interest, upon the mortgage debt, and one hundred and eighty-eight dollars and sixty-five cents for an attor-

ney's fee, provided in the mortgage, and the judgment to that effect was according to the allegations and prayer of the complaint in the case. There is no bill of exceptions or statement on appeal, and, in the absence from the record of anything to the contrary, it must be presumed by the appellate Court, that the Court below proceeded regularly in fixing the amount of the attorney's fee, and that the judgment is, in all respects, correct. (*Hastings* v. *Cunningham,* 39 Cal. 137.)

Judgment affirmed.

ROSS and MCKINSTRY, JJ., concurred.