[In Bank. — February 9, 1883.]

# S. S. BRADFORD ET ALS., APPELLANTS, *v.* CALEB DORSEY ET AL., RESPONDENTS.

MECHANIC'S LIEN—INSOLVENCY—LIMITATION.—An action to foreclose mechanics' liens must be commenced within ninety days after the liens are filed, notwithstanding the insolvency of the debtor. A debt so secured is not provable under the insolvency act, and the commencement of foreclosure proceedings are not stayed by any of its provisions.

APPEAL from a judgment of the Superior Court of Tuolumne County.

The facts appear in the opinion of the court.

*Street & Street,* for Appellants.

*Dorsey & Nicol,* for Respondents.

SHARPSTEIN, J. — Action to foreclose mechanics' liens. It appears by the allegations of the complaint that the action was not commenced within ninety days after the liens were filed, and a demurrer to the complaint on that ground among others was sustained. The plaintiffs declined to amend, and a judgment was entered in favor of the defendants. This appeal is from that judgment.

The demurrer was properly sustained, unless the commencement of the action within ninety days after the liens were filed was stayed by injunction or statutory prohibition. (Code Civ. Proc. § 1190; Code Civ. Proc. § 356.) And the appellants con-

tend that they were prohibited by statute from commencing their action within the time prescribed for its commencement, by reason of the owners of the mines, against which said liens were filed, being adjudged insolvent by a court of competent jurisdiction after said liens were filed, and before the expiration of the period of ninety days from the date of such filing.

The provisions of the insolvent act which are principally relied on by the appellants are contained in sections six and forty-five of said act. The former declares that upon the court making an order adjudging the petitioner insolvent, all proceedings against him shall be stayed. The latter, that "no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the debtor, but shall be deemed to have waived all right of action and suit against him, and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby; *provided,* that no valid lien existing in good faith thereunder shall be thereby affected; and *further provided,* that a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the debtor where a discharge has been refused, or the proceedings have been determined without a discharge. And no creditor whose debt is provable under this act shall be allowed, after the commencement of proceedings in insolvency, to prosecute to final judgment any action therefor against the debtor until the question of the debtor's discharge shall have been determined."

The appellants did not prove their debts, and if they were not provable under said act, said appellants were not prohibited from commencing an action or actions for the foreclosure of their liens within ninety days after the same had been filed.

The debts or claims of the appellants were not provable until after they had released or conveyed their claims to the assignee upon the property. (§ 44.) After doing that they could have proved their whole debts. (§ 44.) But it is not alleged that they ever released or conveyed their claims upon the property to the assignee, and therefore they could not be admitted to prove their whole debts. They might have been admitted as creditors for the balance of their debts after deducting the value of the property against which they had filed their liens. But

that would not constitute them creditors having provable debts. Whether they could be admitted to prove anything depended upon the value of the property against which they had filed their liens. If that was sufficient to satisfy their claims, then they could not be admitted to prove their debts or any part thereof. They clearly could not be included in the category of creditors having provable debts. (*Montgomery* v. *Merrill*, 62 Cal. 385.)

Other grounds of demurrer were specified, which it is unnecessary to consider.

Judgment affirmed.

MORRISON, C. J., McKEE, J., ROSS, J., MYRICK, J., and THORNTON, J., concurred.