[No. 14056.    Department One. — December 30, 1891.]

THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, v. JOHN STAUDE ET AL., APPELLANTS.

FORFEITED BAIL— ACTION BY CITY — DEFENSE — DEPARTURE OF DEFENDANT — FEAR OF DIFFERENT CHARGE. — It is no defense to an action by a city against the sureties on a forfeited undertaking of bail, that the woman whose release was procured by the execution of the undertaking had been, previous thereto, tried in the police court upon a charge of grand larceny by a jury which failed to agree, and that therefore the sureties executed the undertaking, but that there was, at the time of its execution, another charge of larceny against her, which was concealed from the sureties by the city officers, and that they allowed her to be released upon the latter charge, without bail, and that she, in fear of

that charge, and not in fear of the charge upon which the bond was given, departed from the state before the date of the alleged forfeiture of the bail bond sued upon.

ID. — AUTHORITY OF ATTORNEY FOR CITY. — An answer in such action averring, upon information and belief, that the attorney for the city had no authority to bring the action, and that his appearance as such attorney was unauthorized by the city, presents no defense to the action.

JUDGMENT ON PLEADINGS. — Where a complaint states a cause of action, and the answer does not deny any of the material allegations thereof, and further fails to present anything by way of new matter to bar or defeat the action, a motion for judgment on the pleadings is properly granted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Carroll Cook,* and *J. E. Foulds,* for Appellants.

*Frank J. Fallon,* and *Curtis H. Lindley,* for Respondent.

FITZGERALD, C. — This action is brought by plaintiff against the defendants as sureties on a forfeited undertaking of bail. The answer contains no denial of any of the material allegations of the complaint, but sets up two so-called separate defenses, which are, in substance, as follows: —

"1. That the woman whose release was procured by the execution of the undertaking herein was, previous thereto, tried by a jury for the crime of grand larceny, and they, having failed to agree upon a verdict, were discharged from the further consideration of the case; that by reason of such disagreement and the insufficiency of the evidence adduced at the trial, all apprehension or fear on the part of defendants that she would be convicted upon another trial of the case were entirely removed, in consequence of which, and without any knowledge on their part of the pendency of any other charge against her, and having been led by the acts of plaintiff, its officers and agents, to believe there was none, they executed the undertaking herein; that there was, at the time

of the execution of said undertaking, another charge pending against her in the police court of San Francisco for larceny, which fact, though well known to plaintiff and its officers, was suppressed and concealed by them from the knowledge of defendants, and that they allowed her to be released and discharged from custody on said charge without requiring bail for her appearance; that upon said last-mentioned charge the proofs against said Fanny Lyle were strong, and the presumption of guilt great, and she, the said Fanny Lyle, as defendants are informed and believe, feared conviction upon trial thereof, and that, by reason of such fear, and not in fear of the charge in the complaint herein mentioned, she, the said Fanny Lyle, departed from the state of California before the date of the alleged forfeiture of the bail bond mentioned in the complaint herein."

The second so-called separate defense avers generally, upon information and belief, that the attorney herein had no authority to bring this action, and that his appearance as such attorney was unauthorized by the plaintiff.

Upon the filing of this answer, plaintiff moved the court for judgment upon the pleadings on the usual grounds. The motion was granted, and the defendants excepted.

The defendants then moved for and obtained leave to amend their answer, "if they were so advised," within ten days, but they afterwards declined to do so, and judgment was thereupon given in favor of the plaintiff. The case comes here by appeal upon the judgment roll alone.

Section 462 of the Code of Civil Procedure provides that "every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true."

As the complaint herein is sufficient in all respects, and the answer does not deny any of the material allegations thereof, and further fails to present anything by way of new matter to bar or defeat the action, it follows

that the motion for judgment on the pleadings was properly granted by the court. (*Felch* v. *Beaudry,* 40 Cal. 439; *Hemme* v. *Hays,* 55 Cal. 337; *Loveland* v. *Garner,* 74 Cal. 298.)

We recommend that the judgment be affirmed.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.