[S. F. No. 2710.   Department Two.—July 18, 1903.]

HATTIE · B.. DELATOUR, Respondent, v. JANETT MACKAY and WALTER S. MACKAY, as Copartners, Appellants.

ACTION FOR DEATH OF INFANT BY MOTHER—DESERTION OF FAMILY BY FATHER.—A. mother may maintain an action for the death of a minor child, under section 376 of the Code of Civil Procedure, in case of desertion of his family by the father.

ID.—PROOFS ESTABLISHING DESERTION—DIVORCE—EXTREME CRUELTY— FAILURE TO CONTRIBUTE SUPPORT.—Where the proofs showed that the mother had obtained a divorce from the father on the ground of habitual intemperance, constituting extreme cruelty; that he

had threatened her life and drove her, with their infant child, out of the house; that the custody of the child was awarded to the mother by the decree, without responsibility of the father for its maintenance; and that he had since the divorce contributed in no way to the support of the wife or child,—such proofs clearly established a desertion of the family by the father within the meaning of the code, and entitled the mother to maintain the action for the death of the child.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

James Alva Watt, for Appellants.

Martin Stevens, and Julian Pinto, for Respondent.

HENSHAW, J.—This action was prosecuted by plaintiff to obtain damages for the death of her minor son. She recovered judgment, from which defendants appeal.

The sole ground of appeal advanced in argument is, that plaintiff had no legal right to maintain the action. Prior to the commencement of the action plaintiff had secured a divorce from her husband upon the ground of his habitual intemperance. By the decree she was awarded the custody of the minor child, and the husband was relieved from responsibility for its maintenance. The father was living at the time the boy was killed and at the time this action was commenced. The contention in support of the appeal is, that under section 376 of the Code of Civil Procedure the mother can maintain an action such as this only in case of the death of the father or his desertion of the family, the language of the section being: ''A father, or in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child.'' It is insisted that the father had not deserted his family, and that consequently the right of action was in him, and not in the wife. The proofs showed that the divorce was obtained upon the ground of the husband's habitual intemperance, amounting to extreme cruelty. (*Haskell* v. *Haskell*, 54 Cal. 262.) He had threatened his wife's life, and had driven her, with the child, then two years of age, out of the

house, by putting a pistol to her head and threatening to kill her if she did not leave. Since the divorce the husband has in no way contributed to the support of either his wife or the child. These facts clearly establish a desertion of the family within the meaning of the code, and the action was therefore properly prosecuted by the wife alone.

The judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.