[S. F. No. 7149. Department Two.—November 23, 1916.]

## JOHN M. BOSCUS et al., Respondents, v. JOHN H. BOHLIG et al., Appellants.

MECHANICS' LIENS — PLEADING — JUDGMENT ON PLEADINGS — INSUFFI-
CIENT DENIAL ON INFORMATION AND BELIEF.—Where the complaint
by an original contractor to foreclose a mechanic's lien is verified,
and sets forth a cause of action based upon an express written con-
tract to do the work for an agreed price, an answer which admits
the execution of the contract, and the completion and acceptance
of the work, and merely denies on information and belief that the
amount claimed or any amount is or was its reasonable value,
raised no issue, and judgment for the plaintiff on the pleadings was
properly entered.

ID.—REASONABLE VALUE OF WORK—ORIGINAL CONTRACTOR.—The provi-
sion of section 1183 of the Code of Civil Procedure that a mechan-
ic's or materialman's lien shall not in any case exceed the reason-
able value of the work done and materials furnished, does not apply
to one contracting directly with the owner but has reference to sub-
contractors.

ID.—INSUFFICIENT DENIAL OF PERFORMANCE.—An attempted denial in
such answer that the plaintiff had duly kept and performed *all*
the terms and conditions of the contract is insufficient, and amounts
to an admission that substantially all of its terms and conditions
have been duly met and executed.

ID.—KNOWLEDGE OF CONSTRUCTION—ACCEPTANCE OF WORK.—Land on
which a building is erected is subject to a lien therefor, if the owner
had knowledge of the construction, and failed to file the notice of
disclaimer pursuant to section 1192 of the Code of Civil Procedure.
The filing of such notice is matter of defense to an action to fore-
close the lien, and in the absence thereof, the fact that the owner
accepted the finished work is conclusive upon the question of his
knowledge of the construction.

ID.—INTEREST ON CONTRACT PRICE—INCLUSION IN JUDGMENT.—In such
action, interest on the contract price is recoverable only from the
time when the price was payable by the terms of the contract.
Interest accruing prior to the judgment should be added to the
principal, and the aggregate amount should thereafter draw interest.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

W. F. Kearney, and Phil J. Strubel, for Appellants.

P. A. Bergerot, and A. P. Dessouslavy, for Respondents.

MELVIN, J.—Defendants appeal from a judgment entered on the pleadings in an action to foreclose a mechanic's lien.

The complaint was verified. The allegations thereof were in brief, that John H. and Lotta Bohlig were at all times specified the owners of certain described real property; that the former was at all times the reputed owner; that plaintiffs had entered into a written contract to furnish certain plumbing and gas-fitting work in a building on said land for the sum of two thousand five hundred dollars, to be paid in stipulated installments; that the work had been fully performed by the plaintiffs according to the contract; that no part of the contract price (which was alleged to be the reasonable value of the work) had been paid; and that a claim of lien against the property in due form had been filed within the time limited by statute at a cost of $1.90 for verification and recording. The prayer was the usual one in such cases.

The answer denied *on information and belief,* the existence of the copartnership of plaintiffs; the due performance of the contract; the alleged reasonable value of the work provided for; and the filing of the lien. By one of the paragraphs of the answer defendants assert that John H. Bohlig at all times mentioned in the complaint was the owner of a described portion of the property in question, and that he and his wife, Lotta Bohlig, owned the remaining part of it. There was no denial of the execution of the contract, the completion of all that was thereby required, nor the acceptance on or about January 21, 1914, by *both defendants* of the work and building. It is to be noted that on information and belief defendants denied that ''$2,500 or any other sum'' was the reasonable value of the work, and that plaintiffs had ''duly kept and performed *all* the terms and conditions of their said agreement.''

Respondents at the outset assert that the proceedings in the superior court may not be reviewed in the absence of a bill of exceptions (citing *Hawley* v. *Kocher,* 123 Cal. 77, [55 Pac. 696], and that the granting or denial of a motion for judgment on the pleadings is no part of the judgment-roll (citing

*McAbee* v. *Randall,* 41 Cal. 136; *Douglas* v. *Dakin,* 46 Cal.
49–52, and *Hemme* v. *Hays,* 55 Cal. 337). They prefer, how-
ever, to discuss the matter upon its merits, and regarding
their preference as a waiver of the suggested point we will
consider the pleadings in the light of the motion for judgment
thereon which, according to the decree, was made and granted.

Appellant's first contention is that as the motion for judg-
ment on the pleadings admits, in the same sense as does a
demurrer, the truth of the allegations of the answer, and as
that pleading denies the amount claimed or any amount is
or was the reasonable value of the work performed and the
materials furnished, the court should have overruled the
motion and should have compelled the plaintiffs to prove such
reasonable value. It is true that the motion, like a demurrer,
admits the truth of the *facts* pleaded in the answer, but by
their answer defendants by failing to deny, admit the facts
pleaded in the verified complaint, namely, that two thousand
five hundred dollars was the agreed contract price, that the
work was completed by plaintiffs, and that it was accepted
by the defendants. As against these solemn admissions their
denial on information and belief that the work was of any
value is so paltry as to amount to nothing at all. It requires
no citation of authority to support the court in summarily
disposing of such pleading, but authority is not wanting. In
*Loveland* v. *Garner,* 74 Cal. 298–300, [15 Pac. 844], the court
characterized denial upon information and belief of certain
matters which must have been within the knowledge of de-
fendants as an indulgence "in a playful frivolity not con-
sistent with the solemnity of sworn pleadings in a court of
justice." In *Gribble* v. *Columbus Brewing Co.,* 100 Cal. 67,
[34 Pac. 527], a defendant in possession of a brewery had
denied on information and belief that certain appliances were
attached to the realty and had become fixtures. It was held
that the denial was insufficient. In *Mulcahy* v. *Buckley,* 100
Cal. 484, [35 Pac. 144], the defendant made the same sort of
a denial of an averment that a claim of lien had been filed,
and it was held that positive denial is necessary where the
pleader has knowledge, or *means of acquiring knowledge,*
which might enable him to traverse or to admit the unequivo-
cal averments in the complaint. A defendant must admit or
deny facts alleged by the plaintiff or must show how it
happens that he is destitute of knowledge concerning such

CLXXIII Cal.—44

facts. (*Brown* v. *Scott,* 25 Cal. 189–196.) Other authorities sanctioning the entry of a judgment on the pleadings when the answer is sham and frivolous are *Hemme* v. *Hays,* 55 Cal. 337; *Felch* v. *Beaudry,* 40 Cal. 439; *Montgomery* v. *Merrill,* 62 Cal. 385–393; *San Francisco* v. *Staude,* 92 Cal. 560, [28 Pac. 778]; *Benham* v. *Connor,* 113 Cal. 168, [45 Pac. 258].

But appellants insist that since section 1183 of the Code of Civil Procedure provides that a mechanic's or materialman's lien shall not in any case exceed the reasonable value of the work done and materials furnished, the question of reasonable value is always one to be determined by the court. The language of section 1183 upon which appellants rely does not apply to one contracting directly with the owner, but has reference to subcontractors. The contracting parties are bound by the terms of their agreement where, as in this case, the persons for whom the work was performed and the materials were furnished admitted the execution of the contract, the completion of the work, and its acceptance by them. The attempted denial that plaintiffs had duly kept and performed *all* the terms and conditions of their agreement was utterly insufficient. It amounted to an admission that substantially all of the terms and conditions of the contract had been duly met and executed. (*Jones & Laughlin Steel Co.* v. *Abner Doble Co.,* 162 Cal. 497–500, [123 Pac. 290].) As was pointed out in the opinion in that case the omission of a single rivet or bolt would satisfy the denial.

Appellants say that since the land belongs in part to Lotta Bohlig, as shown by their verified answer, and no claim is made that she authorized or knew of the performance of the work, the judgment in its application to her is erroneous. There is no merit in this contention. No personal judgment against her was asked or given, but her undivided interest in the easterly nineteen feet of the lot upon which the building was placed was properly subjected to the lien. If she had knowledge of the construction of the building she was responsible. (Code Civ. Proc., sec. 1192.) She must have had such knowledge for she *accepted the completed work.* Constructive knowledge is as potent as actual cognizance of the performance of the work. (*Harmon Lumber Co.* v. *Brown,* 165 Cal. 193–197, [131 Pac. 368]; *Gentle* v. *Britton,* 158 Cal. 328–332, [111 Pac. 9].) The circumstances admittedly true

under the pleadings show both actual and constructive notice to Mrs. Bohlig of the building of the house.   There was no pleading of any notice of disclaimer filed pursuant to section 1192, and as the filing of such notice is matter of defense (*West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 275–277, [22 Pac. 231]), the fact that she accepted the finished work is conclusive upon the question of her knowledge.

Appellants contend and respondents concede that an error in the allowance of interest was made by the court in entering judgment.   Interest on the full sum of two thousand five hundred dollars was allowed from the date of the completion of the work, but half of this amount was not payable until thirty days later.   By failing to recognize this fact the court allowed excessive interest in the sum of $8.50.   This error may be corrected by inserting in the judgment in lieu of the words, "with legal interest thereon from January 21, 1914, to the date hereof, making in all the sum of $2,581.16," the following: "With legal interest, as to $1,250 thereof, from January 21, 1914, to February 26, 1914, and as to the whole thereof from February 26, 1914, to the date hereof, making in all the sum of $2,572.66."   It was proper that by the judgment interest due prior thereto should be added to the principal and that the aggregate amount should thereafter draw interest.   (*Corcoran* v. *Doll,* 32 Cal. 82–88; 22 Cyc. 1568.)

With the modification above suggested the judgment is affirmed with costs to respondents.

Henshaw, J., and Lorigan, J., concurred.