[No. 13026. In Bank. — September 2, 1889.]

# WEST COAST LUMBER COMPANY, Respondent, *v.* E. B. NEWKIRK et al., Appellants.

Mechanic's Lien — Claim of Lien — Name of Owner. — Section 1187 of the Code of Civil Procedure requires the claimant of a mechanic's lien to state the name of the owner or reputed owner, if known, of the property to be charged with the lien; but if the names are not known, the claim filed is sufficient under the statute if it is silent upon the subject. If a claim filed against the owner of a house and of a leasehold interest by name states that the owner of the fee is unknown, the claim is not bad because not specifically stating that the name of the reputed owner of the fee was not known.

Id. — Foreclosure of Lien — Pleading — Notice — Defense. — A complaint foreclosing a mechanic's lien sufficiently avers notice to the owner of the land of the construction of the building if it alleges that the building was constructed upon said land with the knowledge of each of said defendants, the owner of the land being one of the defendants. It is not necessary that the complaint should aver that the owner did not give notice that he would not be responsible for the construction of the building, such notice, if given under section 1192 of the Code of Civil Procedure, being matter of defense to be set up by defendant.

Id. — Liability of Owner — Construction of Code. — Sections 1185 and 1192 of the Code of Civil Procedure must be construed together harmoniously if possible, and while the first charges the holder of a leasehold interest with a lien only to the extent of his interest, the latter adds a provision that if the building is constructed with the knowledge of the owner of the fee, it must be held to have been constructed at his instance, so as to charge his estate with the lien, unless he gives notice as therein provided that he will not be responsible therefor.

Id. — Value of Materials — Cartage. — Cartage, which is a portion of the cost of materials furnished for the construction of a building, may be properly allowed as part of the value of the materials furnished, upon foreclosure of a mechanic's lien therefor.

Id. — Counsel Fees. — Under section 1195 of the Code of Civil Procedure, a reasonable counsel fee may be allowed for services of the plaintiff's attorney, rendered upon appeal to the supreme court, in a case of foreclosure of a mechanic's lien.

Evidence — Books of Account. — The testimony of a competent witness to show the mode in which the books of account of the plaintiff were kept, and that they were correct, is admissible, and such books are properly admitted in evidence as books of original entry to show the items of plaintiff's account.

Admission of Pleading — Evidence — Harmless Error. — It is harmless error to allow the plaintiff to prove a fact not in issue which is admitted by the failure of the answer to deny an allegation of the complaint.

Finding. — A fact not disclosed by the findings, or made to appear in the record, must be taken not to have existed.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John M. Lucas,* and *Hunsaker, Britt & Lamme,* for Appellant.

*Oscar Trippett,* for Respondent.

THORNTON, J.—Action to foreclose the lien of a material-man.

Judgment for plaintiff. Motion for a new trial by the defendant Roberts, which was denied. Appeal by the same defendant from the judgment and order denying a new trial.

Defendant Roberts demurred to the complaint. The demurrer was overruled.

It is argued that the court below erred in so ruling.

It is said on behalf of appellant that there is no averment in the complaint that there was a statement in the claim of lien filed that the reputed owner of the fee was not known, and for this reason the demurrer should have been sustained.

It is provided in section 1187 of the Code of Civil Procedure that the claim of lien filed with the recorder shall contain *inter alia* " the name of the owner or reputed owner, if known," of the property to be charged with the lien.

The complaint charges that the claim filed stated the name of E. B. Newkirk as the owner of said house, and a reputed owner of a leasehold interest in said realty, and stating in said lien that the owner of the fee of said real estate was not known.

This averment shows a compliance with the requirement of the statute above quoted. It is substantially an averment that it was stated in the claim filed that

neither the name of the real owner nor of the reputed owner was known to the plaintiff when he filed his lien. The plaintiff is only required to state the names mentioned, if known. If the names are not known, the claim filed is sufficient if it is silent on this subject.

It is further urged as a reason why the court erred in overruling the demurrer, that it is not averred in the complaint that the appellant did not give notice that she would not be responsible for the materials furnished by the plaintiff. It is further said that it is not alleged that Roberts had notice of the construction of the building.

We are of opinion that it is averred in the complaint that Roberts had notice of such construction. The allegation is, "that such building was constructed upon the said land, with the knowledge of each of said defendants." Roberts was one of the defendants referred to in this allegation.

We do not think it necessary that it should be averred that the owner of the realty did not give notice that he would not be responsible for the construction of the building. Such notice, under section 1192 of the Code of Civil Procedure, if given, is matter of defense to be set up by defendant. The averments of the complaint above referred to are in our judgment sufficient.

It is further argued that the complaint does not state a cause of action against appellant, for the reason that it is alleged in the complaint that she is the owner of the fee of the land upon which the building was constructed, and that defendant Newkirk, who caused the building to be constructed, is the owner of a leasehold interest therein, and it is provided in section 1185 of the Code of Civil Procedure that if the person who caused the building to be constructed owned less than a fee-simple estate in such land, then only his interest therein is subject to such lien.

The above, it is true, is the provision of section 1185 of the Code of Civil Procedure, but it is also provided in

section 1192 of the same chapter that every building or other improvement mentioned in section 1183 of this code, constructed upon any lands with the knowledge of the owner, or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner or person having or claiming an interest therein shall, within three days after he shall have obtained knowledge of the construction, alteration, or repair, or the intended construction, alteration, or repair, give notice that he will not be responsible for the same, by posting a notice in writing to the same effect, in some conspicuous place upon said land, or upon the building or other improvement situated thereon.

It is clear that the foregoing provisions of sections 1185 and 1192 must be reconciled, if they can be consistently, with a fair construction of the words used in each section; and in our judgment this can be done within the rule just above stated. We think that the provisions referred to may and should be read as follows: If the person who caused the building to be constructed owned, when the work was commenced or the materials for the same were furnished, less than a fee-simple estate in the land (to be charged with the lien) then only his interest in the land is subject to such lien; provided, however, that if the building was constructed with the knowledge of the owner of the fee of such land, or the person having or claiming any interest therein, such building shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner or person having or claiming an interest shall, within three days

after he shall have obtained knowledge of the construction, give the notice above referred to.

In our view, the two sections when reconciled, as they may be in the mode just pointed out, make the estate of the owner of the fee (Roberts) as well as the estate of the owner of the leasehold interest herein, subject to the lien sought to be enforced in this action.

Our predecessors, in *Phelps* v. *Maxwell's Creek Gold Mining Company*, 49 Cal. 336, so construed like provisions in the act of 1868. This act was entitled " An act for securing liens of mechanics and others," and was approved March 30, 1868.

The provisions of section 1185 of the Code of Civil Procedure are found in section 2, and the provisions of 1192 of the Code of Civil Procedure in section 4, of this act of 1868. (Stats. 1867–68, pp. 589, 590.) In the case cited, the defendant corporation above named was the owner, and one Gilbert Douglass was in possession as lessee of the owner for an unexpired term of the land sought to be charged with the lien. The lessee, Douglass, caused the materials to be furnished for the repairs of the mill. The corporation knew that the work was being done, and gave no notice that it would not be responsible. In an action brought by the plaintiffs, who had furnished the materials, to enforce their lien, the court held that while the corporation was not personally responsible under the act above cited for the value of the materials, that its estate in the land as well as the estate of the lessee might be sold for the lien. (49 Cal. 338, 339; see also *Fuquay* v. *Stickney*, 41 Cal. 583, and *Moore* v. *Jackson*, 49 Cal. 109.) The two cases last cited sustained the view of the statute taken in *Phelps* v. *Maxwell's Creek Gold Mining Company*, 49 Cal. 336, as well as the conclusion which we have herein reached.

There was no error in refusing defendants' motion to strike out a part of the testimony of C. A. Baker. This testimony was only introduced to show the mode in

which the books were kept and that they were correct. These books were properly admitted in evidence. (*Landis* v. *Turner*, 14 Cal. 573.)

The defendant was not injured by the allowance of the questions put to the witness Baker, in these words: "State whether or not you knew at the time this lien was filed on lot 1, block 755, of New San Diego, the property on Columbia Street, who was the reputed owner of the real estate in fee-simple."

It was averred in the complaint that at the time the lien was filed the plaintiff did not know who was the owner or reputed owner of the fee of the real estate involved herein. This was not denied in the answer.

The witness to the above question answered that he did not know. It was entirely unnecessary under these circumstances to put the question, but the question having been put and answered, as admitted by the pleadings, we cannot see that defendant sustained any injury. Conceding that the allowance of the question was error, still, as defendant was not injured by it, it is no ground of reversal.

The court did not err in admitting in evidence the claim of lien, nor in admitting the lease from Roberts to Newkirk.

The objection to the claim of lien that it did not state that the name of the reputed owner of the fee was not known has been heretofore disposed of.

If there is no finding that defendant did not give the notice spoken of in section 1192 of the Code of Civil Procedure, it must be regarded that no such notice was ever given. As such fact does not appear, it must be taken not to have existed.

The evidence was sufficient to justify the finding that the materials were furnished by plaintiff to be used in the building mentioned in the complaint.

The cartage complained of was a portion of the cost of the materials furnished, and if allowed at all, was allowed as a part of the value of the materials.

We find no error in the record, and the judgment and order are affirmed, with directions to the court below, on the going down of the *remittitur*, to allow plaintiff, under section 1195 of the Code of Civil Procedure, a reasonable fee for the services of its attorney in this court.

Ordered accordingly.

SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.

BEATTY, C. J., dissented.

WORKS, J., took no part in the decision of the above cause.