[L. A. No. 246.   Department One.—March 15, 1898.]

T. J. EVANS et al., Respondents, v. A. H. JUDSON et al., Defendants.   CEDROS ISLAND MINING ETC. CO., Appellant.

MECHANICS' LIENS—IMPROVEMENTS BY LESSEE—INTEREST OF LESSOR—NOTICE—
    FACTS PUTTING UPON INQUIRY—LIENS UPON LAND.—Under a lease for six
    months giving the lessee the privilege to make and remove certain
    improvements, but providing contingently that if the improvements
    should be incorporated with existing structures, so that removal
    would leave the latter in worse condition than at the date of the con-
    tract, they were to become the property of the lessor, the lessor had
    sufficient interest in the contemplated improvements, and sufficient
    knowledge of the intentions of the lessee to make improvements, to
    put him upon inquiry as to the nature of the improvements made,
    and to charge him with notice of the improvements, and to make

the land subject to the liens of mechanics and materialmen, where the lessor posted no notice disclaiming responsibility for the improvements, as provided in section 1185 of the Code of Civil Procedure.

ID.—FINDINGS—IMPROVEMENTS UPON EXISTING STRUCTURES.—Where the findings show that the additions, alterations, and repairs in question were made to and upon buildings and other structures situated upon the leased premises, they sufficiently show that the improvements were upon property declared subject to lien therefor by the statute; and they are not defective in failing to show whether the improvements made were of such a character that they must remain on the premises under the clause of the lease referring to the same.

ID.—FORECLOSURE OF LIENS—SALE OF LAND—EXPIRED LEASEHOLD.—Upon the foreclosure of liens upon the land of the lessor, it is not required first to sell the leasehold interest before selling the land, where the term has expired, and there is nothing in the record to show that the lease was renewed.

ID.—APPEAL—AFFIRMANCE OF JUDGMENT FOR PLAINTIFF—ATTORNEY'S FEES FOR DEFENDING APPEAL—JURISDICTION OF TRIAL COURT.—Upon the affirmance of a judgment for the plaintiff upon appeal of the defendant in an action to foreclose mechanics' liens, the supreme court will not direct an allowance of an attorney's fee for defending the appeal; but that matter rests exclusively with the trial court.

APPEAL from a judgment of the Superior Court of San Diego County. George Puterbaugh, Judge.

The facts are stated in the opinion.

Trippet & Neale, for Appellant.

Haines & Ward, for Respondent.

BRITT, C.—Action to foreclose liens of several mechanics and materialmen for labor done and materials furnished by the claimants, respectively, at the instance of defendant Judson in the construction of certain improvements on land held by Judson under lease from the owner, the defendant Cedros Island Mining and Milling Company. Such lease was made February 20, 1895, for the term of six months next to ensue, with option to the lessee to renew for an indefinite period not to extend beyond March 15, 1896; it provided that the lessee, said Judson, might remove improvements made by him on the premises, unless the same should be so incorporated with existing structures that removal would leave the latter in worse condition than at the date of the lease, in which case the added improvements were to be-

come the property of the lessor. The court found, among other things, that the lessor had knowledge at the date of the lease of Judson's intention while in possession thereunder to add to, alter, and repair the buildings and structures then on the premises, and of the general purpose of such additions and repairs; it further found that Judson did make such improvements and completed the same on May 30, 1895; also, that said lessor had no "other or further actual notice or knowledge of the construction of the said intended improvements until after the liens of the respective plaintiffs were filed." Plaintiff had judgment—rendered in December, 1895—ordering the sale of the land, and the lessor appealed.

Under our statute in such cases made and provided the reversion is subject to the lien unless the landlord "shall within three days after he shall have obtained knowledge of the construction, alteration, or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing," etc. (Code Civ. Proc., secs. 1185, 1192; *Harlan v. Stufflebeem,* 87 Cal. 513; *West Coast Lumber Co. v. Newkirk,* 80 Cal. 275.) Appellant posted no notice disclaiming responsibility, but it contends that its knowledge, as found by the court, of the design of Judson to construct improvements during the term, was too vague to charge it with the duty to give such notice. It is unnecessary for present purposes to determine the question agitated by counsel whether the owner is under obligation, as a condition of avoiding liability, to post the notice mentioned in the statute (said section 1192) within three days after knowledge of the intention of the occupant to improve the premises at some indefinite future time. Here the term of the lease was brief, and the instrument provided, contingently, for the participation of the landlord in the benefit of the improvements; it knew, therefore, that such improvements must, if made at all, be made speedily, and that they might be of a permanent character; being a party thus materially interested, it had notice 'of circumstances sufficient to put a prudent man upon inquiry as to a particular fact,' viz., the actual improvement which followed shortly, and was charged with knowledge thereof, for by prosecuting the inquiry it might have learned such fact. (Civ. Code, sec. 19, *Moore v. Jackson,* 49 Cal. 109; *Gould v. Wise,* 18

Nev. 253, 259; *Santa Monica etc. Co. v. Hege,* 119 Cal. 376.) The record on file in the case last cited shows that after Hege gave his tenant leave to construct the building he had no knowledge of the actual construction of the same until it was completed, yet his re-version was held liable to the lien; so that the case is much in point here. It is argued that the findings were defective in failing to show whether the improvements made were of such character that they must remain on the premises under the clause of the lease referring to the same. It was found, however, that the additions, alterations and repairs in question were made to and upon buildings and other structures situated on the leased premises; the finding thus showed that the improvements were upon property which is declared subject to lien therefor by the statute (Code Civ. Proc., secs. 1183, 1185), and was sufficient.

Lastly, it is said that the court should have directed that Judson's leasehold interest be sold first, and separately from the fee, for the satisfaction of the judgment. There is nothing in the record to show that Judson exercised his option to renew the lease; it seems therefore that the term had expired before judgment was rendered, and Judson had then no estate which could be sold.

The suggestion of respondents as to directing an allowance for attorney's fees is disposed of by the decision in *San Joaquin etc. Co. v. Welton,* 115 Cal. 1. The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

> Harrison, J., Garoutte, J., Van Fleet, J.