122 517
s126 684
122 517
f127 288
122 517
139 500
122 517
140 506
122 517
148 705

[Sac. No. 409.   Department Two.—November 30, 1898.]

WILLIAM HINES et al., Respondents, v. FRANK MILLER et al., Appellants.   H. G. READER et al., Respondents, v. FRANK MILLER et al., Appellants.

MECHANICS' LIENS—WORK UPON MINING CLAIM—EMPLOYMENT BY AGENT OF OWNERS—NOTICE.—In case of employment of laborers claiming mechanic's liens upon a mining claim, by one who was in charge of and superintending the work as the agent of the owners in the working of the claim, the rule of notice to or knowledge by the owners of the performance of labor in improvements made by persons other than the owners, provided for by section 1192 of the Code of Civil Procedure, has no application.

ID.—SINKING SHAFT UPON QUARTZ CLAIM.—Persons employed in sinking a shaft on a quartz mining claim are each entitled to a lien upon the mining claim for the labor so performed.

ID.—MEANING OF MINING TERMS—JUDICIAL NOTICE.—Courts will take judicial notice of the true significance of all English words and phrases, and that such expressions as shafts, tunnels, levels, chutes, stopes, uprises, cross-cuts, inclines, et cetera, when applied to mines, signify instrumentalities, through which the

mines are opened, developed, prospected, and worked; and he who engages in the construction of any of them, is engaged in mining equally with one who extracts the gravel or ore from the mine.

ID.—SHAFT SUNK BY LESSEES—KNOWLEDGE OF OWNERS—ABSENCE OF NOTICE TO LABORERS—ENFORCEMENT OF LIENS.—Work done by lessees in sinking a shaft under a lease from the owners of a mine which by its terms expressly provides that the lessees may sink shafts and run tunnels in working and developing the mine, and that the lessors were to receive one-fourth of the gross output, must be deemed done with the knowledge of the owners; and in the absence of the notice by the owners provided for in section 1192 of the Code of Civil Procedure that they would not be responsible therefor, liens may be enforced against them by the laborers employed in the work.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion.

Edwin A. Rodgers, for Appellants.

F. P. Otis, and F. W. Street, for Respondents.

SEARLS, C.—Two actions to foreclose mechanics' liens upon the Pampa Hill Quartz mine, situated in the county of Tuolumne. The actions were consolidated, the cause tried by the court sitting without a jury, and written findings filed, upon which judgment of foreclosure was rendered in favor of the plaintiffs. Defendants appeal from the judgment and from an order denying their motion for a new trial.

Appellants interposed a demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was properly overruled.

The precise objection to the complaint is that it shows that certain of the defendants (the appellants here) were the owners of the mining claim, and that it fails to show that they had notice of the performance of the labor performed thereon by plaintiffs, while it was being so performed, as provided by section 1192 of the Code of Civil Procedure.

The response to this contention is, that the complaint does not show that the labor was performed for any person or per-

sons other than the owners. It avers that the several plaintiffs performed the labor at the special instance and request of one William Moorehead, who was in charge of and superintending the work, and who was, as they are informed and believe, during said time, "the agent of defendants in the working of said claim." If this was true the doctrine of notice to the defendants required in cases where the improvements are made by others than the owners had no application. There are several causes of action set out by the several plaintiffs in each of the cases, but, as they are all precisely alike in the respect noticed, what is said of one applies equally to all.

2. The contention that plaintiffs failed to show that the labor which they performed entitled them to a lien upon the mine cannot be maintained.

The allegations of the complaint are (and the evidence sustains them), that the several plaintiffs performed labor as miners in sinking a shaft on that certain mining claim, describing it as a quartz mining claim. Section 1875 of the Code of Civil Procedure provides that courts will take judicial notice of certain things, among which are "the true significance of all English words and phrases, and of all legal expressions." The true meaning of such expressions as shaft, tunnels, levels, chutes, stopes, uprises, cross-cuts, inclines, et cetera, when applied to mines, signifies instrumentalities whereby and through which such mines are opened, developed, prospected, improved, and worked. (*Helm v. Chapman*, 66 Cal. 291; *Silvester v. Coe etc. Min. Co.*, 80 Cal. 512.)

He who engages in the construction of those prime requisites upon or in a mine is engaged in mining equally with one who extracts the gravel or ore therefrom. It follows that there was no error in this respect in the findings or conclusions of law deduced therefrom.

3. The third and fourth assignment of errors may be considered together. The third avers a want of evidence to support a finding that certain of the defendants (lessees of a mine) were working the mining claim "under a written agreement so to do with the owners thereof."

The fourth assignment of error is based upon an alleged want of evidence to support a finding that the labor of the lien-

holders "was performed with full knowledge of all of said defendants," among whom were the owners of the mining claims.

The answer of the defendants, Frank Miller, R. B. Lane, Andrew Sweetzer, and Ellen Staples (who are the appellants here), sets up, and the evidence shows, that they were the owners of the mining claim known and designated as the "Pampa Hill Quartz Mine"; that on the twenty-eighth day of August, 1895, they entered into a written agreement with H. S. Brown, whereby they agreed to sell and convey said mine to the latter for seven thousand dollars, to be paid in installments, between that date and on or before June 1, 1896.

The agreement contains the following clause: "And the said above-named Frank Miller, R. B. Lane, Andrew Sweetzer, and Ellen E. Staples, owners of said Pampa Hill Gold Quartz mine, hereby grant permission unto the said H. S. Brown, or to his heirs, associates, or assigns, to enter into the immediate possession of said Pampa Hill mine, and proceed to work and develop the same in such manner as may be deemed most expedient or advisable, either by sinking shafts, running tunnels, or otherwise, and granting permission to remove and mill, or mill upon the premises, all ore extracted from said mine during the life of this agreement," et cetera.

The agreement then provides that one-fourth of the gross product taken from the mine shall be paid to the owners and applied as a partial payment on the purchase price.

E. W. Roberts and W. H. H. Hart became equally interested in the contract with H. S. Brown, and they caused the shaft to be sunk on the mine, for which the liens were taken by the laborers thereon; one William Moorehead acted as superintendent under them and employing the lienholders. The lessees (so-called) and superintendent were made parties defendant, duly served with process and made default.

The foregoing quotation constituted the only notice to appellants of the prosecution of the work, and there was no proof that they gave the notice provided for in section 1192 of the Code of Civil Procedure. Under that section every building or improvement constructed upon any lands, with the knowledge of the owner, shall be held to have been constructed at the instance of such owner, and his interest is subject to a lien un-

less he shall, within three days after he shall have obtained
knowledge of the construction, et cetera, or the intended con-
struction, et cetera, give notice that he will not be responsible
for the same, by posting a notice in writing to that effect in
some conspicious place on the premises.

Was the evidence offered by the agreement sufficient to au-
thorize the finding that appellants had notice?

In *Evans v. Judson*, 120 Cal. 282, Judson held a lease from
the owner which provided that the lessee might remove all
improvements made by him on the premises, unless the same
should be so incorporated with existing structures that removal
would leave the latter in worse condition than at the date of
the lease, in which case the added improvements were to be-
come the property of the lessor. Judson made improvements,
for the construction of which liens were filed.

The court below found that the owners had knowledge at
the date of the lease of the contemplated improvements by Jud-
son, the lessee, and that the lessor had no other or further no-
tice or knowledge of the said intended improvements until af-
ter the liens were filed. The lessor posted no notice disclaim-
ing responsibility.

On appeal this court held that the lease being a short one
(six months) and the lessor being entitled thereunder in a con-
tingency to the benefit of the improvements, and being a
party thus interested, it had notice of circumstances sufficient
to put a prudent man on inquiry as to the improvements which
followed shortly thereafter, and was charged with knowledge
thereof, et cetera. (Citing Civ. Code, sec. 19; *Moore v. Jackson*,
49 Cal. 109; *Gould v. Wise*, 18 Nev. 253, 259; *Santa Monica
etc. Co. v. Hege*, 119 Cal. 376.) The validity of the liens against
the lessor was upheld.

In *Santa Monica etc. Co. v. Hege*, 119 Cal. 376, Hege, be-
ing the owner of a lot of land in the town of Santa Monica
upon which there was a dwelling-house, verbally leased the
same to one Naumann. Subsequently, Naumann, being in
possession, obtained leave from his lessor to construct certain
additions to the building, in the construction of which he pur-
chased certain materials from the plaintiff, for the price of
which a lien was taken. A judgment of foreclosure having been

entered against the lessor an appeal was taken to this court. It was here held "that the building was constructed with the knowledge of the appellant, and that his failure to give the notice required by section 1192 of the Code of Civil Procedure rendered his interest in the land subject to the lien." (See, also, *Santa Monica etc. Co. v. Hege,* 48 Pac. Rep. 69.)

We think those cases are in principle on all fours with the case at bar. Here the agreement specially authorized, among other improvements on the mining claim, the sinking of a shaft. The lessors were to receive twenty-five per cent of the gross output of the mine, and to that extent were interested therein.

It is quite apparent that the appellants contemplated the working of the mine, and the making of such improvements was essential thereto. Having so consented they must be deemed to have had notice of the contemplated improvements, and having failed to disclaim liability by giving the notice as required by section 1192, the findings and judgment are correct and we recommend that the judgment and order appealed from be affirmed.

Britt, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Temple, J., McFarland, J., Henshaw, J.