[S. F. No. 2757.    Department One.—July 2, 1903.]

WILLIAM H. BIRCH & CO. et al., Appellants, v. MAGIC TRANSIT COMPANY et al., Respondents.

MECHANICS' LIENS—BUILDING BY LESSEE—TIME OF NOTICE BY OWNER— CONSTRUCTION OF CODE.—Under section 1192 of the Code of Civil Procedure, providing that a building upon which liens are claimed shall be deemed to have been constructed at the instance of the owner of the land, unless he shall "within three days after he shall have obtained knowledge of the construction, . . . or the intended construction, give notice that he will not be responsible for the same," etc.,—without deciding whether a notice posted within three days after knowledge of the intended future construction of a building by a lessee would in all cases be sufficient to protect the owner,—the failure to give such notice by the owner, who does in fact give the notice within three days after he shall have obtained knowledge of the actual commencement of the work, does not deprive him of the protection given by the statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

E. L. Campbell, J. S. Spilman, J. B. Feehan, and Alexander G. Eells, for Appellants.

The owner had notice at the date of the lease of the intended construction of the improvements. (*Santa Monica L. and M.*

*Co.* v. *Hege,* 119 Cal. 376; *Evans* v. *Judson,* 120 Cal. 282; *Hines* v. *Miller,* 122 Cal. 519.)

Bradley & McKinstry, and Campbell, Metson & Campbell, for Respondents.

The construction of the statute has not been passed upon in the cases cited for appellants. The owner should be *allowed,* in order to make the statute effective, and to prevent it from being unreasonable and unjust, to post his notice within three days after he has obtained knowledge of the actual commencement of the building.

CHIPMAN, C.—The above-entitled action and certain four others were brought in the superior court of the city and county of San Francisco for the foreclosure of mechanics' and materialmen's liens on the land described in the complaint. The causes were consolidated and tried together. The pleadings in all of the cases are substantially alike, *mutatis mutandis,* and only the pleadings in the case above entitled are given in full. The late Adolph Sutro was the owner of the land, and on April 9, 1896, leased the premises to defendant John M. Weir, for the purpose of erecting thereon a scenic railway, and Weir agreed to complete it within fifty days or pay a forfeit for each working-day thereafter that the work remained uncompleted. The Magic Transit Company was made a defendant, but its interest in the premises does not appear. Defendant Sutro answered, and as a separate defense alleged that "within three days after he had obtained knowledge of the construction of the certain structure mentioned in plaintiff's bill of complaint, on certain lands belonging to him, the said Adolph Sutro did duly and regularly give notice that he would not be responsible for the same by posting notice in writing to that effect in a conspicuous place on said lands." The court found that Sutro "had actual knowledge of the intended construction of said structure from the said ninth day of April, 1896; that the actual construction of said structure was commenced on the thirteenth day of April, 1896; that on the fourteenth day of April, 1896, and not prior thereto, the said defendant, Adolph Sutro, caused to be placed in a conspicuous place on the said structure a notice to the

CXXXIX. Cal.—32

effect that he would not be responsible," etc., as alleged in the answer.

The court in its conclusions of law found that plaintiffs are entitled to judgment against the Magic Transit Company in some of the cases, and the Magic Transit Company and Weir in others, but that the judgments do not constitute a lien on the land, and that, as to defendants, the executors of Sutro, deceased, plaintiffs take nothing by the actions. Plaintiffs appeal from the judgment.

The sole question relates to the construction to be given to section 1192 of the Code of Civil Procedure, which reads as follows: "Every building or other improvement mentioned in section one thousand one hundred and eighty-three of this code, constructed upon any lands with the knowledge of the owner, . . . shall be held to have been constructed at the instance of such owner, . . . and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this·chapter, unless such owner . . . shall, within three days after he shall have obtained knowledge of the construction, . . . or the intended construction, . . . give notice that he will not be responsible for the same, by posting a notice in writing to the effect, in some conspicuous place upon said land. . . ." Appellants' position is, that the land shall be subject to the liens unless the owner shall post a notice within three days after he shall have obtained knowledge of either one or the other of two things—(1) the construction, or (2) the intended construction, of the building, etc. Respondents' position is, that the legislature intended to give the owner an option of posting notices either within three days after he obtained knowledge of the construction or within three days after he obtained knowledge of the intended construction of the building. In the present case the notice was given five days after the owner had knowledge, through the lease, of the intended construction of the structure, and within one day after the actual construction was commenced.

The general purpose of the Mechanics' Lien Law is to give to contractors, laborers, and materialmen a lien on the land improved as security for their labor and material. But the law also gives to the owner certain rights and privileges by which he may protect himself against the operation of such

a lien.  The law does not, and in fairness should not, make the land subject to the lien in any and every case of a building or other structure erected upon it.  The statute in question is not absolutely free from uncertainty or ambiguity, although both parties claim that it is, each claiming that it plainly supports their contention.  The statute has existed since 1868 (Stats. 1867-1868, p. 589), but never before, so far as we can find, has the present question arisen under it.  Whoever drafted the section may have concluded when he had framed the expression "knowledge of the construction," etc., that it might be understood to mean the completion of the work, and so added the expression "or the intended construction," etc., for the purpose of greater clearness, thinking that the actual commencement of the improvement would thus be more clearly indicated.  The phrase "intended construction" is susceptible of a different meaning than if it read "or the intention to construct," etc.  However this may be, we think the statute should be given an interpretation that would best answer its purposes, and this can be ascertained by keeping in mind the various conditions to which the law must be applied.  Contracts for the sale as well as leasing of land conditional on its improvement by the purchaser or lessee at some future time are quite common.  This contemplated improvement may be for a short period (as in the case here), or it may be for one or more years, the work not to be begun for many months, or even years, in the indefinite future, and the contract or its terms may be unknown to the laborer or materialman who in this distant future is to furnish labor or material for the improvement.  The owner would be charged with knowledge of the intended work as soon as he signs the contract, and under the construction contended for by the appellants he must within three days post his notice or lose his protection against the lien.  On the other hand, if he post such notice, it is not at all likely that it would remain posted and be conspicuous when in the future the laborers and materialmen would be called upon to furnish labor and material, and yet the owner would be protected.  If, however, the owner posted his notice within three days after the actual construction began, the persons interested could not fail to observe it, and would govern themselves accordingly.  It would, it seems

to us, be a much better protection to the laborers and materialmen, and equally subserve the protection of the owner, to hold the notice posted by the owner "within three days after he shall have obtained knowledge of the construction" (i. e. the actual beginning of the work) to be in time; and that such is the notice referred to in the statute. Whether a notice posted within three days after knowledge of the intended construction would in all cases be sufficient to protect the owner is a question not before us. We think, however, a failure to give such a notice by the owner who does in fact give the notice within three days after he shall have obtained knowledge of the actual commencement of the work does not deprive him of the protection given him by the statute.

In *Evans* v. *Judson,* 120 Cal. 282, the lease contemplated improvements within a short period in the future, and the owner posted no notice disclaiming responsibility. The question now here was discussed in the briefs, but not decided. It was held, however, that the landlord, who was to benefit by the improvements, was charged by the lease with knowledge of the actual improvement. (So held, also, in *Hines* v. *Miller,* 122 Cal. 517.)

In *Fuquay* v. *Stickney,* 41 Cal. 583, the case arose under the act of 1867-1868, *supra.* The court said: "If the owner of land . . . knowingly permits buildings and improvements to be erected on it without giving notice that it is done without his consent, it is eminently just that he shall be held to have acquiesced in it." In the cases cited, and others we have examined, no notice was given, and the point decided was, that having authorized the improvements the owner is charged with knowledge that they are to be made; but we find no case deciding at what particular time the notice must be given.

To hold that the statute compels the owner to give the notice within three days after he has knowledge of the intended construction would in most cases give no effect to the provision as to notice where he had knowledge of the actual construction. But we cannot say that the legislature had no object in making this provision. It would be more reasonable to suppose that it was intended to provide that the owner might give the notice within three days after the actual construction was commenced.

We advise that the judgment be affirmed, with directions to enter judgment in accordance with this opinion in all of the consolidated cases.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed, with directions to enter judgment in accordance with the above opinion in all the consolidated cases.    Van Dyke, J., Shaw, J., Angellotti, J.