[L. A. No. 2160. In Bank.—September 3, 1910.]

JOHN R. GENTLE AND COMPANY (a Copartnership), et al., Respondents, v. AMY E. BRITTON, otherwise known as AMY E. MANNING, Appellant, and E. MAINZOR et al., Defendants.

MECHANICS' LIENS—NOTICE OF NON-LIABILITY OF OWNER—FORBIDDING WORK AFTER COMPLETION.—In an action to foreclose mechanics' liens, where the owner of the property failed to give the statutory notice of non-liability, and merely undertook to forbid the work after its completion, it is obvious that the owner could not forbid that which had been already accomplished.

ID.—EXISTENCE OF SPECIAL HOLIDAYS—DUTY OF OWNER.—Conceding, without deciding, that the existence of special holidays declared by the governor could postpone the necessity for the posting of a notice by the owner in order to avoid a lien, the owner would be still under the necessity of posting notice upon the first secular day after her discovery of the activities of the laborers and materialmen, who subsequently became lien claimants.

ID.—LEGAL HOLIDAYS NOT CURTAILING PRIVILEGE OF OWNER.—Under section 1192 of the Code of Civil Procedure, the owner had the privilege of objecting formally to the work within ten days after the owner's discovery that it was under way, and the intervening holidays would not curtail that privilege.

ID.—PRIMA FACIE CASE OF LIEN CLAIMANTS—BURDEN OF PROOF UPON OWNER.—The lien claimants made a *prima facie* case by proof that the owner posted no notice avoiding his liability within ten days after knowledge that the work had fully begun upon the owner's property. If the holidays extended the owner's time, and the owner made due and formal protest by posting such notice after they were ended, that would be matter for the owner to show affirmatively, which he failed to show.

ID.—DOCTRINE OF CODE PROVISION—ESTOPPEL OF OWNER—EQUITABLE LIEN.—The doctrine upon which section 1192 of the Code of Civil

Procedure rests is that of estoppel, which is the underlying principle of the entire theory of the mechanics' lien. The owner of real property having either by his own act or that of another with his consent or knowledge, procured the improvement of such property, and received the benefit of the labor or material of another thereby, is deemed to have created an equitable lien upon the premises to secure the payment of the value of such labor or materials.

ID.—KNOWLEDGE OF OWNER—PUTTING UPON INQUIRY—FAILURE TO GIVE NOTICE.—The knowledge upon the owner's part which is sufficient to place him in default for failure to give the notice required need not be absolute. It is enough that it would put a prudent man upon inquiry.

ID.—"KNOWLEDGE OF CONSTRUCTION"—TIME OF GIVING NOTICE.—The "knowledge of construction" required by the statute must be construed to mean knowledge of the progress of the work of construction, which could not have been earlier than the commencement of the work. There is no limitation with respect to the stage of the work at the time at which the notice must be posted, and if given under the former statute, within three days after knowledge of the construction has been received, it would be timely on any day when the work on the improvement was in progress.

ID.—SUPPORT OF FINDINGS—ABSENCE OF ERROR.—It is held the findings made by the court in favor of the lien claimants and against the owner of the property, are sustained by the evidence, and were proper under the pleadings; and that no error appears in the record.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, for Appellant.

G. C. De Garmo, for Respondents.

MELVIN, J.—A rehearing was granted after an opinion in this case had been handed down by the district court of appeal. The principal reason for allowing said rehearing was that in the complaint of John R. Gentle & Co. it was shown that the work, which was the basis of the liens mentioned in this action, was completed May 19, 1906, while plaintiff showed at the trial only that appellant, Amy E. Britton went to the property "in May, 1906," and, according to the appellant, from all that appears in the record the work may have been finished prior to that time. Upon further examination of the transcript, however, we find that appellant herself admitted

the contrary fact because she testified that when the work was brought to her attention in the month of May, 1906, she "forbade the same." Obviously she could not forbid something that was already accomplished.

The actions were based upon certain work performed upon property of which appellant Britton was the record owner. This was occupied by one Mainzor, and the contracts for the work were made by the said Mainzor. It was found by the court that Amy E. Britton knew of the improvements described in the complaint, but that she failed to post notices on the premises or to otherwise notify the plaintiff that she would not be responsible for the work done upon her property, as required by section 1192 of the Code of Civil Procedure. During all of the time that the work was in progress and the materials were being furnished, a number of successive legal holidays were declared by the governor. This fact, according to the contention of appellant's counsel, postponed the ti ne for Amy E. Britton to post her notices under section 1192 of the Code of Civil Procedure until after the completion of the improvements on her property, "at which time" he says "the posting would be a nugatory and vain act, not required by law." In support of this point he cites section 13 of the Code of Civil Procedure, which provides: "Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed." As this court has said: "Whether a day which the law authorizes to be fixed upon a particular day may be said to be a day appointed by law is at least doubtful." (*Baxter* v. *Vineland Irr. Dist.,* 136 Cal. 193, [68 Pac. 601].) But even if we should concede that the continuance of the holidays during all of the time when the work was being done, postponed appellant's right to avail herself of the notice prescribed by section 1192 of the Code of Civil Procedure, we cannot see how the completion of the work would render her act nugatory when the holidays had ended. It seems to us that if the existence of the holidays postponed her privilege, she would still be under the necessity of posting notice upon the first secular day after her discovery of the activities of the laborers and materialmen

who subsequently became lien claimants. The question of the effect of the holidays might arise if she were attempting to show the posting of notices or the recording of protest under section 1192 of the Code of Civil Procedure on the first day succeeding the holidays, but that question is not presented here. Under that section she certainly had the privilege of objecting formally to the work within ten days after her discovery that it was under way, and the intervening holidays would not curtail that privilege. (*Baxter* v. *Vineland Irr. Dist.*, 136 Cal. 193, [68 Pac. 601].) She did not exercise her right at that time, and having shown that fact, plaintiff established a *prima facie* case. If the holidays extended her time for protest, and if she had made her due and formal objection after they ended, that would be a matter for her to show affirmatively. This she did not do.

This opinion is not to be construed as an intimation that we consider the existence of legal holidays a postponement of the necessity for the posting of notice in order to avoid a lien upon property by one who discovers that work is in progress upon his land. It has simply been unnecessary to decide that question here.

The opinion of the district court of appeal is adopted in part as follows:—

"This is a consolidated action to foreclose four mechanics' liens. Judgment was for each of the claimants for the amount prayed for, and the defendant owner appeals from the judgment and from an order denying her motion for a new trial.

"It is contended by appellant that the judgment should be reversed because the improvements were made at the instance and request of a person other than the record owner, and that the owner was without knowledge that the alterations and repairs had been made until after they were completed; or, if notice was given to her, or knowledge of the improvements brought home to her in time, that, by reason of the holidays proclaimed by the governor, commencing April 18, 1906, and continuing until after the completion of the work, she was excused from serving the notice provided by section 1192 of the Code of Civil Procedure, until the cessation of such holidays.

"The claims of lien are all based upon the contracts made with one E. Mainzor, who is alleged to be the reputed owner of the premises upon which the work was done. The material

was furnished and the labor performed at the times and for the sums following, to wit: Gentle & Co., between April 9 and May 19, 1906, $159.20; Baker & Co., between April 10 and May 19, 1906, $54.60; C. S. Bunnell, between February 17 and June 23, 1906, $120.65; Ritchey & Grotthouse, between February 2 and June 21, 1906, $89.31. It is alleged in the complaints that knowledge that the improvements were being made was obtained by appellant in March, 1906, but that she failed to give the notice provided for by section 1192. The finding of the court in this respect is that appellant received such knowledge 'during the month of May, 1906, instead of March, 1906.' In all other respects the allegations of the complaints are found to be true; and the allegations of the answer of defendant Amy E. Britton to be untrue, and these findings are supported by the evidence.

"The doctrine upon which section 1192 of the Code of Civil Procedure rests is that of estoppel, which is indeed the underlying principle of the entire theory of the mechanics' lien. The owner of real property having, either by his own act or that of another with his consent or knowledge, procured the improvement of such property and received the benefit of the labor or material of another thereby, is deemed to have created an equitable lien upon the premises to secure the payment of the value of such labor and materials. He is like the owner of property who stands knowingly and silently by and sees another person sell such property to an innocent purchaser who believes the seller to be the owner, and so believing parts with value for it.

"The knowledge upon the owner's part which is sufficient to place him in default for failure to give the notice required need not be absolute; it is enough that it would put a prudent man upon inquiry. (*Evans* v. *Judson*, 120 Cal. 282, 284, [52 Pac. 585].) It is not important, then, whether Mrs. Britton received her notice through the agent, Fred Woy, or not. This would only be important if it were sought to consider the knowledge of Woy as the knowledge of appellant, but this is not the case. Woy discovered that the improvements were being made in May; he notified appellant by letter in the same month, but no day of the month is stated as to either and the finding is also indefinite in this respect.

"The statute as originally enacted did not contain the clause,

'intended construction,' and the time for posting the notice was fixed at three days after knowledge of the construction, alteration or repair. This must then be construed to mean of the progress of the work, which could not have been earlier than the commencement of the work, and it has been held that where an owner had knowledge of the 'intended construction' and did not give the notice within three days thereafter, but gave such notice within three days after the commencement of the work, he was entitled to the protection of the statute. (*Birch & Co.* v. *Magic Transit Co.,* 139 Cal. 496, 500, [73 Pac. 238].)

"The law does not say that upon the posting of the notice the owner will not be liable for any labor performed or material furnished thereafter, but that if he fails to post such notice within the statutory time after knowledge that the improvement was being made, it shall be held to have been constructed at his instance. There is no limitation in respect to the stage of the work at the time at which the notice must be posted. The statutory provision would be complied with by a posting on the same day the improvement was begun, if this were within three days after knowledge was obtained, either of the construction or intended construction. And, if done within three days after knowledge received, we see no reason why it would not be timely upon any day when the work on the improvement was in progress. . . .

"While these are the matters chiefly urged in appellant's brief, we have examined the other specifications of insufficiency of evidence to sustain the findings, but find nothing justifying a reversal. The evidence in the statement is meager and stated principally in effect, except the notices of lien introduced, which are set out in full. The latter are not open to the criticism made as to their form; and as to whether they varied in statement from the proof, there is nothing in the record from which this can be determined, the summarized statement of the evidence introduced by plaintiffs being in effect that they proved their cases in conformity with the pleadings. The court so found, and no error appears in the record.

"Judgment and order affirmed."

Angellotti, J., Shaw, J., Lorigan, J., and Sloss, J., concurred.