[Civ. No. 3129.    First Appellate District, Division Two.—November 20, 1919.]

## WHITING–MEAD COMMERCIAL COMPANY OF SAN DIEGO (a Corporation), Appellant, v. CHARLES W. BROWN, Respondent.

[1] MECHANICS' LIENS—ACTION FOR FORECLOSURE—FATAL VARIANCE BETWEEN CLAIM AND PROOF—FINDING—EVIDENCE—APPEAL.—On an appeal from a judgment in favor of the defendant in an action for the foreclosure of mechanics' liens, where neither the claims of liens nor the evidence offered in support thereof are before the appellate court, the finding of the trial court that there is a fatal variance between the statements in the claims and the proof is conclusive.

[2] ID.—UNTRUE STATEMENT OF CONTRACT.—A variance between the notice of lien and the proof, showing that the statement of the contract set forth in the notice is untrue, is fatal to the lien.

[3] ID.—NOTICE OF NONRESPONSIBILITY — TIME FOR FILING.—Under section 1192 of the Code of Civil Procedure, as amended in 1911, the owner is relieved of personal responsibility for improvements by filing a notice of nonresponsibility within the time limited after knowledge of the actual improvements.

APPEAL from a judgment of the Superior Court of San Diego County.   T. L. Lewis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. Jefferson Davis, Charles B. De Long and J. F. Hoff for Appellant.

J. T. Reed and Chas. E. Dow for Respondent.

LANGDON, P. J.—This is an appeal from a judgment in favor of the defendant in an action to foreclose liens upon certain real property. The record contains only the findings of fact and conclusions of law, it being contended that the plaintiff is entitled to judgment upon the findings. The court found that on or about April 28, 1916, the defendant was the owner of certain lots described in the complaint; that on said day he entered into an agreement with one Alex Brown, by the terms of which the said Alex Brown was to go into immediate possession of said property, and it was further agreed that if within ninety days the said Alex Brown caused certain repairs and improvements to be made to the building upon said premises and performed certain other conditions, the said defendant agreed to convey said property to Alex Brown for the consideration of one thousand dollars. To effectuate the agreement, the defendant placed a deed to the property in favor of Alex Brown in escrow with a bank, and Alex Brown placed in escrow his promissory note for one thousand dollars to cover the purchase price of the property. Directions were left with the bank that upon proof of compliance with the conditions imposed upon said Alex Brown, the deed was to be delivered to him and the note to the defendant. In pursuance of said agreement, Alex Brown went into possession of the property. Thereafter, one F. H. Brown, a real estate broker, who had negotiated the transaction just described, ordered certain plumbing fixtures, material, and labor from the plaintiff to be used in the repair and improvement of said dwelling-house. Such material and labor were furnished by the plaintiff and used upon the said building. The court expressly found that all said materials, etc., were furnished to F. H. Brown, who was not acting as the agent of the owner, the defendant, and that the defendant never authorized anyone to order materials or labor on his behalf, and that the plaintiff did not, until about the time of filing its lien, have any knowledge that Charles W. Brown was the owner of the property, and the repairs and materials

were furnished by it at the request of F. H. Brown and were charged on the books of the plaintiff company to said F. H. Brown.

The plaintiff, seeking to charge the said premises with mechanics' liens for said labor and material, on the tenth day of July, 1916, filed two notices of claim of lien. To each of said claims of lien was attached a verification as follows:

"C. J. Gibbs, being first duly sworn, deposes and says: That he is the Cashier of the Whiting-Mead Commercial Company, of San Diego, a corporation, the claimant mentioned in the foregoing claim of lien, and that he has read the same and knows the contents thereof, and that it contains among other things, a correct statement of the demands of the corporation after deducting all just credits and offsets.

"C. J. GIBBS.

"Subscribed and sworn to before me, etc."

The court also found that within ten days from the time the said Charles W. Brown first had knowledge or notice of the furnishing of said material and labor for the making of said repairs, or of the making thereof, he caused to be given notice that he would not be responsible for the same by posting a notice in writing to that effect in a conspicuous place upon said premises, and did, thereafter, within ten days, file for record a verified copy of said notice within the office of the county recorder of San Diego County, in which county the property is situated, and said notice contained a description of the property, together with the name of the defendant, Charles W. Brown, and the nature of his title to said property, and said copy so recorded was verified on behalf of said defendant by Hazel M. Brown, a person having knowledge of the facts set forth in said notice.

The court concluded that the verification attached to the liens and herein set out was fatally defective in that only one of the five essential statements required by section 1187 of the Code of Civil Procedure, for a valid claim of lien, was verified, and the other four essentials of said claims, and each of them, were unverified; that, therefore, no lien attached by virtue of the filing for record of such claims. The trial court also found that there is a fatal variance between the statements in each of the claims of liens and

the proof offered, in this, that the statement in each of the claims of lien is to the effect that said materials and labor were furnished to the defendant, Charles W. Brown, whereas the proof shows that such materials and labor were furnished to F. H. Brown. The trial court also concluded that the notice of nonresponsibility posted and filed by the defendant herein under and in pursuance of section 1192 of the Code of Civil Procedure exempts defendant from personal liability.

The first point made by appellant is that, as the statute does not prescribe any particular form of verification of claims, a claim signed by the claimant and verified by his oath is sufficient, and that, therefore, though the affidavit itself be insufficient to apply to all the essentials of a valid claim of lien, the verification by oath applies to the entire claim. We need not discuss here whether or not this verification was a substantial compliance with the statute, because, under the findings, the claim is defective for another reason. [1] The court has found that there is a fatal variance between the statements in the claims and the proof. The claims themselves are not before us, and none of the evidence offered in support thereof. Under such circumstances, the finding of the trial court on this point is conclusive. [2] A variance between the notice of lien and the proof, showing that the statement of the contract set forth in the notice is untrue, is fatal to the lien. (*Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 376, 380, [51 Pac. 555]; *Wilson* v. *Nugent,* 125 Cal. 280, [57 Pac. 1008].)

[3] This leaves for our consideration the question of the personal responsibility of the defendant. The only point made by the appellant in its attack upon this portion of the judgment is that because the defendant had notice at the time of the contract with Alex Brown for the sale of the premises that the said Alex Brown intended to make certain improvements to the premises, the defendant was charged with notice of the making of said improvements, irrespective of whether he had actual knowledge or not, at the time he entered into said agreement with said Alex Brown. As pointed out by the respondent, prior to 1911, it was provided by section 1192 of the Code of Civil Procedure that the owner should file such notice within ten days "after he shall have obtained knowledge of such construction, altera-

tion or repair *or intended construction, etc."* But that section has been amended by elimination of the italicized words. Such definite change indicates an intention that the owner should be relieved of responsibility by filing said notice within the time limited after knowledge of the actual improvements.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.