[Civ. No. 2268.   Fourth Appellate District.—April 27, 1939.]

HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant, v. W. P. ROSS, Defendant; BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Philip T. Lyons for Appellant.

Louis Ferrari, Edmund Nelson, John E. Walter and Siemon & Claflin for Respondents.

GRIFFIN, J.—This is an action to foreclose a lien for materials used in alteration work on a building in Bakersfield,

Kern County, California. At the trial it was conceded by all parties that materials of the approximate value alleged in the complaint were furnished by the plaintiff and were actually used in the work of construction, with the exception of $26.60, representing the charges for cartage of approximately $900 worth of materials. It was further conceded at the trial and the court found that the plaintiff was entitled to a lien against the right, title and interest of the defendant and respondent Bank of America National Trust & Savings Association, except in so far as that right might be affected by the posting of notice of nonresponsibility by the bank on March 18, 1936, and its recordation on March 20, 1936.

The actual work of construction was commenced on August 26, 1936, and actually completed about November 1, 1936. Appellant filed its claim of lien in due and legal time, filed its suit of foreclosure within the time allowed by law, and in all other respects complied with all requirements of the law concerning such liens.

The respondent Bank of America National Trust & Savings Association knew on February 3, 1936, by the terms of its lease of the property in question, that the alteration and construction work was intended by its lessee. This lease by its terms became effective May 15, 1936. Respondent bank knew, through its officers, of the progress of the work as it was being done, but did not cause to be posted nor recorded any notice of nonresponsibility after the commencement of the actual work of improvement, and posted and filed no notice of nonresponsibility except the one of March 18, 1936, herein referred to.

The defendant W. P. Ross, having defaulted, the court found that appellant was entitled to judgment against him as prayed for. The court further found that appellant was entitled to a lien against the leasehold interest of respondent Food City Market Corporation to the extent of $429.44.

The court found that the improvements in question were made by respondent Food City Market Corporation and defendant W. P. Ross with the knowledge of all defendants having any proprietary interest in the premises. The court also found that the respondent bank had knowledge of the work of improvement at the time the work was being done, viz., between August 15, 1936, and November 1, 1936. The

court also found that on March 18, 1936, the respondent bank caused a notice of nonresponsibility to be posted on the real property (therein described) and thereafter on March 20, 1936, caused said notice of nonresponsibility, together with affidavit of posting, to be recorded in the office of the county recorder of Kern County.

As conclusions of law the court found that the judgment should be a lien to the extent of $429.44, plus costs against the respondent Food City Market Corporation, and that appellant is not entitled to a lien against the right, title and interest of respondent Bank of America National Trust & Savings Association in and to the property described in the complaint.

■ One of the questions presented is this: Where an owner has knowledge of intended improvements by a tenant on his property and he posts and records a notice of nonresponsibility for such intended improvements, and approximately 5 months thereafter work of improvement is actually commenced and the owner had knowledge of the actual improvements at the time they were commenced and files no other notice of nonresponsibility, does the notice of nonresponsibility posted and recorded approximately 5 months before actual commencement of the work of improvement relieve him of liability for a materialman's lien under section 1192 of the Code of Civil Procedure in effect in 1936?

The courts have adopted the general rule of strict construction of any act or provision by which the owner of property upon which improvements are made may relieve himself from or escape liability therefor. (*Hammond Lumber Co.* v. *Goldberg,* 125 Cal. App. 120 [13 Pac. (2d) 814].) The amendment of section 1192 of the Code of Civil Procedure in 1873 (Stats. 1873–1874, chap. CCCCX, [Volume of Amendments to Codes, pp. 108, 109]) provided for the posting and recording of notice of nonresponsibility *"within three days after* he (the owner) shall have obtained knowledge of the construction, alteration, or repair, *or the intended construction, alteration or repair. . . . "* In 1907 (Stats. 1907, p. 577) this section was amended, providing that the owner should file notice of nonresponsibility within ten days *"after he shall obtain knowledge of the construction, alteration, repair, or work or*

*labor,* . . . '' The phrase ''or the intended construction, alteration or repair'' was eliminated.

In *John R. Gentle & Co.* v. *Britton,* 158 Cal. 328, 332 [111 Pac. 9], (1910) our Supreme Court stated:

''The statute as originally enacted did not contain the clause 'intended construction,' and the time for posting the notice was fixed at three days after knowledge of the construction, alteration or repair. This must then be construed to mean of the progress of the work, which could not have been earlier than the commencement of the work, and it has been held that where an owner had knowledge of the 'intended construction' and did not give the notice within three days thereafter, but gave such notice within three days after the commencement of the work, he was entitled to the protection of the statute. . . .

''The law does not say that upon the posting of the notice the owner will not be liable for any labor performed or material furnished thereafter, but that if he fails to post such notice within the statutory time after knowledge that the improvement was being made, it shall be held to have been constructed at his instance. There is no limitation in respect to the stage of the work at the time at which the notice must be posted. The statutory provision would be complied with by a posting on the same day the improvement was begun, if this were within three days after knowledge was obtained, either of the construction or intended construction. And, if done within three days after knowledge received, we see no reason why it would not be timely upon any day when the work on the improvement was in progress. . . . ''

In *Whiting-Mead Com. Co.* v. *Brown,* 44 Cal. App. 371, 374 [186 Pac. 386, 388], (1919) it was related:

''This leaves for our consideration the question of the personal responsibility of the defendant. The only point made by the appellant in its attack upon this portion of the judgment is that because the defendant had notice at the time of the contract with Alex Brown for the sale of the premises that the said Alex Brown intended to make certain improvements to the premises, the defendant was charged with notice of the making of said improvements, irrespective of whether he had actual knowledge or not, at the time he entered into said agreement with said Alex Brown. As pointed out by the

respondent, prior to *1911* (1907), it was provided by section 1192 of the Code of Civil Procedure that the owner should file such notice within ten days 'after he shall have obtained knowledge of such construction, alteration *or repair or intended construction, etc.*' But that section has been amended by elimination of the italicized words. Such definite change indicates an intention that the owner should be relieved of responsibility by filing said notice within the time limited *after knowledge of the actual improvements.*'' (Italics ours.)

To the same effect is the case of *Birch & Co.* v. *Magic Transit Co.*, (1903) 139 Cal. 496 [73 Pac. 238]. In discussing this feature, the court said, pp. 499, 500:

''Contracts for the sale as well as leasing of land conditional on its improvement by the purchaser or lessee at some future time are quite common. This contemplated improvement may be for a short period . . . or it may be for one or more years, the work not to be begun for many months, or even years, in the indefinite future, and the contract or its terms may be unknown to the laborer or materialman who in this distant future is to furnish labor or material for the improvement. The owner would be charged with knowledge of the intended work as soon as he signs the contract, and under the construction contended for by the appellants he must within three days post his notice or lose his protection against the lien. On the other hand, if he post such notice, it is not at all likely that it would remain posted and be conspicuous when in the future the laborers and materialmen would be called upon to furnish labor and material, and yet the owner would be protected. If, however, the owner posted his notice within three days after the actual construction began, the persons interested could not fail to observe it, and would govern themselves accordingly. It would, it seems to us, be a much better protection to the laborers and materialmen, and equally subserve the protection of the owner, to hold the notice posted by the owner 'within three days after he shall have obtained knowledge of the construction' (i. e., the actual beginning of the work) to be in time; and that such is the notice referred to in the statute.'' (See, also, *Santa Monica Lumber & Mill Co.* v. *Hege*, 119 Cal. 376 [51 Pac. 555]; *Evans* v. *Judson*, 120 Cal. 282 [52 Pac. 585]; *Hines* v. *Miller*, 122 Cal. 517 [55 Pac. 401].)

In the recent case of *English* v. *Olympic Auditorium Corp.*, 217 Cal. 631, at page 636 [20 Pac. (2d) 946, 87 A. L. R. 1281], our Supreme Court considered this point where appellants contended that the court erred in adjudging that the land upon which the building was erected was not subject to the plaintiff's lien, because the owners of the land had protected their title thereto against the liens by giving proper notice of nonresponsibility to lien claimants as provided in section 1192 of the Code of Civil Procedure. They claimed that the notice was posted before the commencement of work on the building and was therefore ineffective for any purpose. The court held the facts upon which it based its finding established that the construction was actually begun before the notice was posted and therefore proper notice was given.

The notice of nonresponsibility relied upon by respondent Bank of America National Trust & Savings Association was posted approximately five months before the actual commencement of the work. The notice of nonresponsibility was, as a matter of fact, not posted and recorded within ten days after the bank had knowledge *of intended construction*. The trial court found that the bank had knowledge of the actual commencement of the work and its progress to completion upon competent evidence. It was also found by the court that the work of improvement, as a whole, was commenced on or about August 15, 1936. Had the notice of nonresponsibility been posted in a conspicuous place upon the premises within ten days after the bank's knowledge of actual construction in accordance with section 1192 of the Code of Civil Procedure, it would very likely have come to the attention of appellant. The notice, posted on an outside door of a building on the premises about to be demolished or reconstructed, five months before the building was demolished or reconstructed and five months before the delivery of material for new construction or alteration, would not be a sufficient compliance with section 1192 of the Code of Civil Procedure under the cases above cited, and is not sufficient notice of nonresponsibility to relieve the owner's property of the lien. (*Coombs* v. *Green Mill, Inc.*, 107 Cal. App. 204 [290 Pac. 620].)

The remaining question presented is this: Are reasonable charges for cartage by the seller of material to the place of construction properly allowable as a part of the reasonable value of the materials used in the construction work,

when such charges are included in the recorded claim of lien as part of the value of the materials furnished? The trial court deducted a total of various small items for cartage, amounting to $26.60. These items were included in invoices as part of the reasonable value of materials furnished. The transportation of material by the seller to the places where it is to be put into a structure is not any part of the labor of erecting the building, but is as much an item of the reasonable value of the material as the surfacing of lumber at the mill or the construction of sash, doors, or other assembled articles or materials. The value of lumber on the job, under the circumstances here related, would fix the reasonable retail value.

In *West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275, 280 [22 Pac. 231], it was said: "The cartage complained of was a portion of the cost of the materials furnished, and if allowed at all, was allowed as a part of the value of the materials." This same case was cited in support of a similar holding in *Consolidated L. Co.* v. *Bosworth, Inc.*, 40 Cal. App. 80 [180 Pac. 60]. (See, also, *Wood, Curtis & Co.* v. *El Dorado Lumber Co.*, 153 Cal. 230 [94 Pac. 877, 126 Am. St. Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585], and cases cited; *Adams* v. *Burbank*, 103 Cal. 646 [37 Pac. 640].) An exception to this general rule is noted in *Wilson* v. *Nugent*, 125 Cal. 280 [57 Pac. 1008], where it was held that persons who did not furnish materials to be used on the building in question nor perform any labor thereon, but who were merely engaged by the contractor to haul materials to the building and deliver them to the contractor for his use upon the building, were not within the terms of the lien law nor entitled to a lien upon the building for their labor. Respondent also cites *First Nat. Bank* v. *Perris Irr. Dist.*, 107 Cal. 55 [40 Pac. 45], *Hamilton* v. *Delhi Min. Co.*, 118 Cal. 148 [50 Pac. 378], and *Stimson Mill Co.* v. *Los Angeles Traction Co.*, 141 Cal. 30 [74 Pac. 357]. We are of the opinion that the rule stated in *West Coast Lumber Co.* v. *Newkirk, supra,* is applicable to the facts in this case.

The judgment is reversed with instructions to the trial court to amend its findings of fact in accordance with the views herein expressed, and to enter judgment for plaintiff in accordance with the facts so found.

Barnard, P. J., and Marks, J., concurred.